WILLIAM L. PIERCE & anotner *vs.* EBEN B. PHILLIPS & others

A notice of the time and place for the examination of judgment debtors, under arrest on
execution, upon their application to take the oath for the relief of poor debtors, issued to
the judgment creditors, who are not residents in the county where the arrest was made,
addressed to " A., attorney for B. and C., creditors," and reciting that " D. and E., debt-
ors, arrested on execution in your favor, desire to take the oath," &c., is substantially in
the form prescribed by the Gen. Sts. *c.* 124, § 12; is sufficiently addressed to the credit-
ors; and describes an execution in favor of them, and not of their attorney.

CONTRACT on a recognizance, with sureties, taken by a com-
missioner of the circuit court of the United States for the district
of Massachusetts, of George and John J. Babson, debtors ar-
rested on an execution issuing from that court upon a judgment
therein rendered against them in favor of William L. Pierce
and Edward T. Taylor, of Manchester, in the state and district
of New Hampshire, formerly doing business under the firm of
Pierce & Taylor.   The condition of the recognizance was, that
the judgment debtors should within thirty days from the time of
arrest deliver themselves up for examination before some magis-
trate authorized to act, giving notice of the time and place
thereof in the manner provided by law, and appear at that time
and place and abide his final order thereon.   Within the thirty·
days, the commissioner administered to them the oath for the
relief of poor debtors, and discharged them from arrest upon the
execution; having previously signed and issued a notice, begin-
ning thus : " To William H. Towne, attorney for William L.
Pierce and Edward T. Taylor of Manchester, in the district of
New Hampshire, formerly doing business under the firm of
Pierce & Taylor, creditors ; George Babson and John J. Babson,
debtors, arrested on execution in your favor, desire to take the
oath for the relief of poor debtors; " and fixing the time and
place of examination.   This notice was served upon Towne,
who was the plaintiffs' attorney of record in the original action
The defendants never had been arrested on any execution in his
favor.

This case was submitted upon a statement of facts, of which
the above is the materia. part, to the judgment of the superior

court, which gave judgment for the defendants, and the plaintiffs appealed.

*T. K. Lothrop & W. H. Towne*, for the plaintiffs.

*S. J. Thomas & E. Avery*, ( *G. M. Hobbs* with them,) for the defendants.

GRAY, J. By the act of congress of 1867, *c*. 180, any defendant arrested or imprisoned upon mesne process or execution issuing out of any court of the United States is entitled to be discharged by proceedings before a commissioner of the circuit court of the United States, in the same manner, taking the same oath, and after the same length of notice, as provided by the laws of the state in case of arrest or imprisonment on like process of the state courts in the same district. The laws of this Commonwealth provide that the notice issued by the magistrate to the plaintiff, that a defendant arrested on execution desires to take the poor debtors' oath, shall be " substantially in the following form : To A—— B——; C—— D——, arrested on execution in your favor, desires to take the oath for the relief of poor debtors at (naming the day and hour and place) ; " and that, when the plaintiff is not a resident in the county where the arrest is made, the notice shall be served upon his agent or attorney, if living or doing business in the county. Gen. Sts. *c*. 124, §§ 12, 13.

The only objections taken by the plaintiffs to the validity of the discharge of the debtors in this case are, that the notice was not addressed to the plaintiffs, but to their attorney, and that it described the execution as having been issued in his favor. But the court is of opinion that neither of these objections is well founded.

This notice is addressed to " William H. Towne, attorney for William L. Pierce and Edward T. Taylor." Had these words been used by the attorney in executing a written instrument, they would, if consistent with the rest of the paper and the nature of the transaction, have made it the contract of the principals and not of the agent. *Ballou* v. *Talbot*, 16 Mass. 461. *Tucker Manufacturing Co.* v. *Fairbanks*, 98 Mass. 101. As the creditors resided out of the Commonwealth, the notice could be

served upon their attorney Towne only, and upon no other per-son, not even upon the creditors themselves. *Putnam* v. *Williams*, 2 Allen, 73. The notice recites the names both of the creditors and of the debtors, and designates them as such respectively. It is manifest from these considerations that this notice is substantially in the form prescribed by the statute; that it is sufficiently addressed to the creditors; that the words " execution in your favor" describe an execution in favor of the creditors, and not of their attorney; and that neither they nor he could possibly have misunderstood it.

The debtors and their sureties have therefore been lawfully discharged from their recognizance, and there must be

*Judgment for the defendants.*