### JOHN M. WAY *vs.* DENNIS O'SULLIVAN & another.

A judgment debtor was arrested, at different times, on two executions in favor of the same
creditor, and upon each arrest entered into a recognizance under the Gen. Sts. c. 124,
§ 10. Afterwards two notices to the creditor, precisely alike, stating that the debtor
"arrested on execution in your favor" desired to take the poor debtor's oath, and fixing
the same time and place for his examination, were served at the same time on the cred-
itor. *Held*, that the notices were sufficient.

CONTRACT on a recognizance entered into by Dennis O'Sulli-
van as principal, and Daniel Keefe as surety, under the Gen. Sts.
c. 124, § 10.

At the trial in the superior court, before *Pitman*, J., it appeared that on November 13, 1869, O'Sullivan was arrested on an execution for $244.07 in favor of the plaintiff, and carried before Robert I. Burbank, a master in chancery, where he and Keefe entered into the recognizance in suit; that on December 3, 1869, O'Sullivan was arrested on another execution for $206.59 in favor of the plaintiff, and carried before Burbank, where he entered into another recognizance, with Michael F. Wells as surety; that on December 11, 1869, David H. Coolidge, a commissioner in insolvency, signed and issued two notices, each in the following terms: " Suffolk, ss. To John M. Way, creditor: Den·· nis O'Sullivan, debtor, arrested on execution in your favor, desires to take the oath for the relief of poor debtors; and the thirteenth day of December current, at four of the clock after noon, and my office, No. 32 Pemberton Square, in Boston, in said county, are appointed the time and place for the examination of said debtor. Dated at Boston, this eleventh day of December 1869; " that both notices were served on the plaintiff by the same officer at the same time; and that O'Sullivan appeared at the time fixed, and was discharged, the plaintiff not appearing. The plaintiff requested the judge to rule that the notice was insufficient; but he ruled that it was sufficient, and directed a verdict for the defendants, which was returned, and the plaintiff alleged exceptions.

*D. Foster*, for the plaintiff.

*A. A. Ranney*, for the defendants.

MORTON, J. The only objection to the validity of the discharge in this case is, that the notices served upon the creditor do not identify the executions to which they were intended to be applicable.

The object of the notice is to inform the creditor of the time and place appointed for the examination of the debtor. When the debtor has been arrested on only one execution, it is uniformly held that a notice in the form provided by the statute, simply reciting that he has been arrested " on execution in your favor" is sufficient, without any further description of the execution. This is sufficiently specific, because its import cannot be misun-

derstood or mistaken. In *Merriam* v. *Haskins*, 7 Allen, 346, it was held that, where a debtor had been arrested on two executions, a single notice to the creditor, merely reciting that he had been "arrested on execution in your favor," without any designation of which of the two executions was referred to, was not sufficient. In the case at bar, the debtor had been arrested upon two executions, and two notices in the form prescribed by the statute were issued and served upon the creditor at the same time. The creditor was thus informed, to a reasonable certainty, that the intention of the debtor was to seek to be discharged from both the executions. He knew that the debtor had been arrested upon two executions in his favor, and upon two only, and, upon receiving two notices, the only natural and reasonable inference would be, that they were intended to apply to both executions. The case is in this respect distinguishable from *Merriam* v. *Haskins*. For these reasons, a majority of the court is of opinion that the notices were sufficient and the discharge legal.

*Exceptions overruled.*