### THOMAS SALMON & another *vs.* THOMAS H. NATION & another.

Under the Gen. Sts. c. 124, § 13, one who is arrested on execution may give the plaintiff's attorney notice of his intention to take the poor debtors' oath, if the plaintiff and his attorney both reside in the county where the arrest is made.

A notice dated August 30, 1870, under the Gen. Sts. c. 124, § 13, by a judgment debtor, arrested upon execution August 6, 1870, of his intention to take the poor debtors' oath, appointing "the third day of September" as the day for the examination, sufficiently indicates that the examination is to be had on September 3, 1870.

CONTRACT by Thomas Salmon and Patrick McDonald against Thomas H. Nation and James Huggins, on a recognizance entered into by the defendants, conditioned that Nation, who had been arrested on August 6, 1870, upon an execution issued on a judgment in favor of the plaintiffs, should, within thirty days from

the time of the arrest, deliver himself up for examination before some magistrate authorized to act, giving notice of the time and place thereof in the manner provided by law, and appear at the time and place and abide the final order thereon.

The following notice, addressed to the plaintiffs, was served upon their attorney on September 1, 1870 : " Thomas H. Nation, a poor debtor, arrested on an execution in your favor, desires to take the oath for the relief of poor debtors, and the third day of September at one of the clock in the afternoon, and the office of John W. Pettengill, Esquire, a trial justice in Malden in the county of Middlesex, are appointed the time and place for the examination of said debtor. Dated at Malden, August 30, 1870. John W. Pettengill, Trial Justice." The plaintiffs and their attorney all resided and had their places of business in the county of Middlesex, and Nation was arrested in that county.

The case was submitted to the determination of the court on the above facts, and the agreement of the parties that, if the notice was sufficient in law and properly served, the defendants were entitled to judgment, but that, if the notice was not sufficient in law, or was not properly served, then judgment should be entered for the plaintiffs.

*L. W. Osgood*, for the plaintiffs. 1. Service should have been made upon the plaintiffs or one of them. 2. The notice was insufficient in form. *Merriam* v. *Haskins*, 7 Allen, 346. *Commonwealth* v. *Griffin*, 3 Cush. 523. *Commonwealth* v. *Hutton*, 5 Gray, 89. *Carter* v. *Clohecy*, 100 Mass. 299. *Hitchcock* v. *Baker*, 2 Allen, 431. *Slasson* v. *Brown*, 20 Pick. 436.

*J. P. Converse*, for the defendants, cited *Kelly* v. *Gilman*, 9 Foster, 385 ; *Tillson* v. *Bowley*, 8 Greenl. 163 ; *Nettleton* v. *Billings*, 13 N. H. 446 ; *Collins* v. *Douglass*, 1 Gray, 167 ; *Osgood* v. *Hutchins*, 6 N. H. 374.

MORTON, J. The plaintiffs contend that the service of the notice was not sufficient. The notice was served upon the attorney of the plaintiffs, he and the plaintiffs severally having their residence and places of business in the county of Middlesex. We think this service was sufficient under the Gen. Sts. *c.* 124, § 13.*

* " The notice shall be served by any officer qualified to serve civil process, by giving to the plaintiff or creditor, his agent or attorney, an attested copy

This statute provides, in general terms, that the notice shall be served upon the creditor, his agent or attorney.   Under this general provision, the service may be made upon either the creditor or his attorney, in cases where both reside or have places of business in the same county where the arrest is made.   The subsequent provision that, where the creditor is dead or not a resident in the county where the arrest is made, the notice shall be served upon the attorney, if he lives in the county or has his usual place of business therein, makes an exception to the general provision. But it leaves the general provision in force in all cases to which the exception does not extend.   The case at bar is not within the exception, and therefore a service upon either the creditor or the attorney is sufficient.   *Putnam* v. *Williams*, 2 Allen, 73.   *Way* v. *Carlisle*, 13 Allen, 398.

The plaintiffs also contend that the notice is insufficient in form because it does not state with certainty the time appointed for the examination.   The notice is dated August 30, 1870, and states that " the third day of September at one of the clock in the afternoon " is appointed as the time for the examination. The word " next " is omitted, probably by accident, after the word " September."

The strict rules which govern pleadings in criminal cases ought not to be applied to notices of this kind.   The creditor is entitled to be informed with reasonable certainty of the time and place fixed for the examination.   But if the notice served upon him is in such terms that every person of common understanding, in the

thereof, or by leaving such copy at the last and usual place of abode of the plaintiff or creditor, his agent or attorney, allowing not less than one hour before the time appointed for the examination, and time for travel at the rate of not less than one day for every twenty-four miles' travel.   When there is more than one person plaintiff or creditor, or more than one agent or attorney, service on one shall be sufficient.   When the plaintiff or creditor is dead or not a resident in the county where the arrest is made, the notice shall be served upon the agent or attorney if he lives in the county or has his usual place of business therein; but if no such agent or attorney is found within the county, the notice may be served on the officer who made the arrest.   The person who made the writ may always be regarded as the attorney of the plaintiff or creditor when an arrest is made on the writ or any execution issued thereon."

situation of the creditor, would be informed of the time and place intended to be fixed, it is sufficient. In this case the creditors knew the date of the arrest, and that the thirty days within which the debtor must deliver himself up for examination would expire early in September 1870. No person in their situation could fail to understand that the time fixed for the examination was the third day of September 1870. The verbal error in the notice, which could not mislead them, ought not to vitiate the proceedings of the magistrate. *Bussey* v. *Briggs*, 2 Met. 132. *Collins* v. *Douglass*, 1 Gray, 167. *Pierce* v. *Phillips*, 101 Mass. 313. *Judgment for the defendants.*