THOMAS DANA & others *vs.* JOHN G. CARR & another.

Suffolk. Nov. 21, 1877. — May 3, 1878. ENDICOTT & LORD, JJ., absent.

A notice in writing of the desire of a judgment debtor to take the oath for the relief of poor debtors, which is duly served on the attorney of five joint creditors, is not invalidated by the omission to mention the name of one of the creditors, neither the attorney or any of the creditors having any other action or execution against the debtor.

CONTRACT on a recognizance, entered into under the Gen. Sts. *c.* 124, § 10, by the first named defendant as principal, and the other as surety, and conditioned that Carr, who had been arrested on an execution in favor of the plaintiffs, should, within thirty days from the day of his arrest, deliver himself up for examination before some magistrate authorized to act, giving notice of the time and place thereof in the manner provided by law, and appear at the time and place fixed for his examination, and from time to time until the same was concluded, and not de-

part without leave of the magistrate, making no default at any time fixed for his examination, and abide the final order of the magistrate thereon.

The case was submitted to the Superior Court, and, after judgment for the defendants, to this court, on appeal, on an agreed statement of facts in substance as follows:

The only question in issue is the sufficiency of the following notice, which was properly served on the plaintiffs' attorney:

"Commonwealth of Massachusetts, Suffolk ss. Thomas Dana, 2d, Charles E. Raymond, William F. Young and William H. Raymond, creditors: John G. Carr, debtor, arrested on execution in your favor, desires to take the oath for the relief of poor debtors, and the eighteenth day of September, 1876, at $1\frac{1}{2}$ o'clock in the afternoon, and my office, 47 Court Street, in Boston, in said county, are appointed the time and place for the examination of said debtor. Dated at Boston, the sixteenth day of September, 1876.      John E. Fitzgerald, Master in Chancery."

The plaintiffs were copartners, and the firm was composed of Thomas Dana, and the four persons mentioned in the notice, and they were so set forth in the writ and execution. The attorney upon whom the notice was served was the attorney for the plaintiffs in the original action, and as such caused Carr to be arrested on the execution. Neither the attorney, nor the plaintiffs, or either of them, had any other action or execution against Carr, and after service of said notice was made, and after the discharge of Carr, the attorney went to the office of the magistrate who issued the notice, and before whom Carr appeared for examination, and asked to see, and examined, the original notice. At the expiration of the hour fixed for the examination, the magistrate discharged the debtor.

*C. J. Noyes*, for the plaintiffs.

*J. E. Cotter*, for Carr.

*W. B. Gale*, for the surety.

SOULE, J. The notice to the creditors was sufficient. It contained the names of four of them in full, and stated that the debtor, arrested on execution in their favor, desired to take the poor debtor's oath, and that a time and place named were appointed for the examination of the debtor. This notice was served in due season on the attorney of the creditors, who was

the proper person on whom to make service. None of the creditors had any other execution or action against the debtor, nor was the attorney on whom service was made attorney for any other judgment creditor of the debtor. Under these circumstances, it is manifest that there could not have been any mistake or failure to understand what proceedings, or arrest, or execution the notice related to, so that the omission of the name of the fifth creditor from the notice became immaterial. If, under the same circumstances, the notice served on the attorney had been addressed to " Thomas Dana, 2d, and others," merely, and had contained the recitations and statements contained in the notice given here, it would be impossible to believe that the attorney could fail to understand what it meant. All that is required, in order to make a notice of application to take the poor debtor's oath effectual, is, that it contain an intelligible statement or recital of the facts which it is necessary or material for the party, on whom service is to be made, to know. If it contains this, in substance, verbal inaccuracies, and omissions of what might with propriety be included, will not vitiate it. *Collins* v. *Douglass*, 1 Gray, 167. *Mutual Safety Ins. Co.* v. *Woodward*, 8 Allen, 148. *Pierce* v. *Phillips*, 101 Mass. 313. *Tucker* v. *Bruce*, 121 Mass. 400. *Judgment affirmed.*