WILLIAM HILL *vs.* CHARLES E. BARTLETT.

Suffolk.    March 6. — May 3, 1878.    COLT & SOULE, JJ., absent.

A notice in writing, addressed to " A., attorney for B. et al., creditors," and reciting that " C., debtor, arrested on execution in your favor, desires to take the oath for the relief of poor debtors," and stating the time and place appointed for his examination, 9 sufficient, although C. was arrested on an execution in favor of B. alone.

CONTRACT on a recognizance, entered into on September 27, 1876, under the Gen. Sts. *c.* 124, § 10, by David McGuire as principal, and the defendant as surety, reciting the arrest of McGuire on an execution, bearing date August 1, 1876, issued upon a judgment of the Municipal Court of the city of Boston in favor of the plaintiff, and conditioned that McGuire should, within

thirty days from the day of his arrest, deliver himself up before some magistrate authorized to act, giving notice of the time and place thereof in the manner provided by law, and appear at the time fixed for his examination, and from time to time until the same was concluded, and not depart without leave of the magistrate, making no default at any time fixed for his examination, and abide the final order of the magistrate thereon. The case was submitted to the Superior Court, and, after judgment for the defendant, to this court on appeal, on an agreed statement of facts in substance as follows :

The plaintiff lived in Northampton, in the county of Hampshire. On October 2, 1876, McGuire caused to be served on W. B. French, who was the plaintiff's attorney of record in the original action, and who, on August 10, 1876, made an affidavit, before the magistrate authorizing the arrest, of his belief that McGuire had property exempt from being taken on execution which he did not intend to apply to the payment of the plaintiff's claim, the following notice, signed by the magistrate :

" Commonwealth of Massachusetts. Suffolk ss. To W. B. French, Esq., Attorney for William Hill et al., creditors. David McGuire, debtor, arrested on execution in your favor, desires to take the oath for the relief of poor debtors, and the third day of October, 1876, at 3 of the clock in the afternoon, and the office of Edward J. Jones, No. 61 Court St., in said Boston, in said County, are appointed the time and place for the examination of said debtor. Dated at Boston, this 2d day of Oct. 1876.

" Edward J. Jones, Commissioner of Insolvency."

At the expiration of the hour fixed for the examination, the magistrate, no one appearing in behalf of the creditor, discharged the debtor.

*W. B. French,* for the plaintiff.

*S. J. Thomas,* for the defendant.

AMES, J. The attorney of record for the plaintiff, having recently taken out the execution against McGuire, and having delivered it to an officer for immediate service by arrest, must be supposed to have anticipated the possibility that the debtor might seek relief from imprisonment in the mode provided by the statute for the relief of poor debtors. The attorney must also have known that he was the proper person to be served

with notice, if the debtor should desire to take the poor debtor's oath. He knew also that he was not the attorney for William Hill and others, and that he had nothing to do with any execution in favor of William Hill and others against David McGuire, and he did not know, and had no reason to suppose, that there was any such execution in existence. The notice informed him of the name of the debtor, and of the fact that he had been arrested on an execution in which William Hill had an interest as creditor, and in which W. B. French was attorney for the same William Hill. It is impossible to believe that he was misled by the notice, or that he could have failed to understand what execution it was to which the notice related. There is no reason why the strict rules which govern pleadings in criminal cases should be applied to notices of this kind. The time and place of the proposed examination were distinctly pointed out, and, although there was a verbal error in the description of the execution, there was no misnomer of William Hill, the description really created no uncertainty whatever, and ought not to vitiate the proceedings of the magistrate. *Pierce* v. *Phillips*, 101 Mass. 313. *Salmon* v. *Nation*, 109 Mass. 216. *Way* v. *O'Sullivan*, 106 Mass. 118. *Collins* v. *Douglass*, 1 Gray, 167. *Dana* v. *Carr*, *ante*, 397. In *Slasson* v. *Brown*, 20 Pick. 436, which is cited by the plaintiff, there was an entire misnomer of the creditor. *Judgment affirmed.*