CHRISTOPHER S. DWYER *vs.* HENRY WINTERS & another.

Suffolk. Nov. 14, 1878. — Jan. 11, 1879. COLT & MORTON, JJ., absent.

A notice in writing, addressed to the creditor, giving only the initial letter of his first name, and reciting that "Henry D. Winter, debtor, arrested on an execution in your favor, desires to take the oath for the relief of poor debtors," sufficiently describes the debtor, that being his true name, although he was described in the writ, execution and recognizance as "Henry Winters."

CONTRACT on a recognizance, entered into on April 8, 1876, under the Gen. Sts. *c.* 124, § 10, by the first-named defendant as principal, and the other as surety, and containing the usual conditions. The case was submitted to the Superior Court on an agreed statement of facts in substance as follows:

The name of the defendant, described in the writ as Henry Winters, is Henry D. Winter. No other person of the name of Henry D. Winter is known to the parties. The plaintiff, by the name of Christopher S. Dwyer, recovered judgment against the first-named defendant in the Municipal Court of Boston, in an action in which the latter was described and summoned as Henry Winters, and in which he made no appearance, judgment being rendered by default. An execution on the judgment issued against the defendant in the name of Henry Winters, on which he was arrested, and he afterwards entered into the recognizance in suit with the other defendant. The magistrate's record of the recognizance indorsed on the execution stated that the within named Winters recognized, &c.

Winter gave to the plaintiff the following notice of his desire to take the oath for the relief of poor debtors: "To C. S. Dwyer, creditor: Henry D. Winter, debtor, arrested on an execution in your favor, desires to take the oath for the relief of poor debtors. Wilmon W. Blackmar, Master in Chancery." The defendant Winter appeared at the time and place appointed in the notice, and, the plaintiff not appearing, the magistrate administered the oath for the relief of poor debtors to Winter. The plaintiff did not procure the arrest of any other person upon any execution within thirty days of that time.

If, upon these facts, the plaintiff was entitled to recover, judgment was to be entered for him; otherwise, for the defendants.

The Superior Court ordered judgment for the defendants; and the plaintiff appealed to this court.

*R. Lund & E. J. Welsh*, for the plaintiff.

*J. B. Goodrich*, for the defendants.

AMES, J. A judgment debtor who has been arrested on an execution, and who has recognized to deliver himself up for examination, in order to obtain the relief provided by statute for poor debtors, is bound to seasonably inform the creditor of the time and place appointed for the examination. The statute prescribes no specific form of notice in such a case, and any form of notice would undoubtedly be held sufficient that imparts this information, even though it identifies the execution (in case there has been but one) by a simple reference in general terms to an execution in favor of the creditor upon which the debtor has been arrested. Although the notice in this case was to C. S. Dwyer, instead of giving the plaintiff's name at length, it cannot for a moment be supposed that the creditor on whom the notice was served could have failed to understand that the notice was meant for himself. He knew also that he held an execution against a person whom he had described as Henry Winters, and had caused him to be arrested. The notice informed him that a person, whom he had caused to be arrested on execution, was seeking to be relieved from arrest and imprisonment by taking the oath as a poor debtor. He might have inferred from the tenor of the notice that there had been some mistake as to the true name of the debtor, by the omission of the initial letter of a middle name, and the addition of the letter "s," but he must have understood that Henry D. Winter professed to be the identical person who had been arrested on that execution. There was no other execution to which the notice could possibly apply. Under the circumstances, the import of the notice could not be misunderstood or mistaken. Its legal effect was the same as if it had been thus expressed, viz. "Henry D. Winter, arrested on an execution in your favor under the name of Henry Winters, desires to take the oath," &c. The notice given was therefore substantially such as the statute requires. See *Dana* v. *Carr*, 124 Mass. 397; *Hill* v. *Bartlett*, 124 Mass. 399.

*Judgment affirmed.*