JAMES CALNAN & another *vs.* ANDREW TOOMEY & another.

Middlesex.    January 13. — September 9, 1880.

A notice to a creditor, reciting that a person "arrested on execution in your favor desires to take the oath for the relief of poor debtors," and appointing a time and place for his examination, is sufficient, although the debtor was arrested on mesne process only.

CONTRACT upon a poor debtor's recognizance entered into, under the Gen. Sts. c. 124, § 10, by the first-named defendant as principal and the other defendant as surety, and containing the usual conditions. The case was submitted to the Superior Court, and, after judgment for the plaintiffs, to this court on appeal, on agreed facts, in substance as follows:

On November 13, 1875, Toomey was arrested on mesne process, and on November 17 entered into the recognizance declared on. On December 3, at the debtor's request, a magistrate issued a notice to the plaintiffs, reciting that the debtor "arrested on execution in your favor desires to take the oath for the relief of poor debtors," and appointing a time and place for his examination. This was the only notice given. There was no judgment and no execution, and no arrest upon any execution. The creditors did not appear, and the debtor was discharged without any examination. The plaintiffs had no other claim or suit against the debtor except the one upon which he was arrested.

If, upon these facts, the plaintiffs were entitled to recover, judgment was to be entered for them in the sum of $193.56, with interest; otherwise, judgment for the defendants.

*A. V. Lynde & W. P. Harding*, for the plaintiffs.

*G. S. Scammon*, for the defendants.

SOULE, J. The notice to the plaintiffs was sufficient. The only error in it was in the statement that the person who wished to take the oath for the relief of poor debtors was arrested on execution, when, in fact, he was arrested on mesne process. This error had no tendency to mislead the plaintiffs, because Toomey had been arrested on only one process in their favor, and no other process had been issued against him in their favor. The notice showed that the application to take the oath was made by a debtor, who was correctly named, who was under arrest on civil process issued in behalf of the plaintiffs. They would not have been better informed of the facts which it was important for them to know, if the process on which the arrest was made had been correctly described, with the date and the amount of the *ad damnum* fully stated. Under these circumstances, we think that the notice was substantially in the form prescribed by the statute. Gen. Sts. *c.* 124, § 12. The error is no more serious than existed in several notices which were held good on the ground that, notwithstanding the errors, the party entitled to notice could not have been misled. *Collins* v. *Douglass*, 1 Gray, 167. *Pierce* v. *Phillips*, 101 Mass. 313. *Salmon* v. *Nation*, 109 Mass. 216. *Hill* v. *Bartlett*, 124 Mass. 399. *Dana* v. *Carr*, 124 Mass. 397.

As the plaintiffs were duly notified of the time and place of the proposed examination of Toomey on his application to take the oath for the relief of poor debtors, and failed to attend, he, being present, was entitled to a discharge, and there has been no breach of his recognizance. The judgment of the Superior Court for the plaintiffs was erroneous, and there must be, according to the terms of the agreed facts,

*Judgment for the defendants.*