CHARLES A. STEARNS *vs.* CHARLES H. HEMENWAY
& others.

SAME *vs.* SAME.

Suffolk.    January 17, 1894. — June 23, 1894.

Present: FIELD, C. J., ALLEN, MORTON, & BARKER, JJ.

*Poor Debtor — Recognizance — Joinder of Two Defendants in one Citation
— Statute.*

In an action against the sureties upon a poor debtor's recognizance, it is not necessary that the declaration should show that any citation was served upon the principal defendant when annexed to it are copies of the execution, the creditor's affidavit upon his application for the arrest of the debtor, and the certificate of the court stating " that it appears from the evidence before the said court that said debtor has been duly notified to appear before the said court for examination," for this imports that notice has been given, and it must be taken as true.

Execution was obtained against two defendants, and upon the application of the judgment creditor for the arrest of one of them he made affidavit that " the debtors named in said execution have property not exempt from being taken on execution which they do not intend to apply " to the payment of the judgment. The certificate having stated that the " court is satisfied there is reasonable cause to believe that the charges made in the foregoing affidavit are true," certified that " said debtor has been duly notified to appear before the said court for examination." *Held*, that the word " debtors " in the affidavit should be regarded as having been used in a distributive sense, and should be construed. as if it read " the debtors named in said execution have each property," etc., and that the words " said debtor " in the certificate, which is to be considered in connection with the affidavit, should be construed as if they read " each said debtor," or " each debtor aforesaid."

In poor debtor proceedings two defendants may be joined in one citation.

A poor debtor recognizance requiring the principal defendant to deliver himself up " for examination before some magistrate authorized to act " is to be construed as if it required the debtor to deliver himself up for examination before some court or magistrate named in St. 1888, c. 419.

TWO ACTIONS OF CONTRACT on poor debtors' recognizances. The first one was entered into on March 2, 1893, by Porter A. Underwood as principal, and the defendants as sureties. The second one was entered into on the same day by Hosea W. Leach as principal, and the defendants as sureties. The pleadings and all the subsequent proceedings are alike in the two cases, the same questions are presented in both, and they were argued together.

The declaration in the first case alleged, in substance, the recovery of a judgment by the plaintiff in the Superior Court against Hosea W. Leach and Porter A. Underwood, upon which execution was duly issued and returned unsatisfied; that an alias execution was duly issued, and that one Ralph S. Bartlett, on behalf of the judgment creditor, appeared before the Third District Court of Eastern Middlesex for civil business, and made affidavit as required by statute, and that the clerk of the court affixed the affidavit to the execution, together with a certificate of the court authorizing the arrest of Hosea W. Leach and Porter A. Underwood; that on March 2, 1893, Porter A. Underwood was by virtue of the execution arrested and taken before a magistrate, where he recognized, with the defendants as sureties, for his appearance within thirty days to submit himself to an examination before some magistrate authorized to act in such cases, first giving the judgment creditor notice of the time and place of the examination, and also of his desire to take the oath for the relief of poor debtors; that the defendant Underwood did not appear and submit himself to an examination according to the terms of said recognizance, but wholly failed to fulfil the conditions thereof, whereby a right of action has accrued to the plaintiff to recover from the defendants the amount of the penal sum named in the recognizance.

The second count alleged that the defendants, with one Porter A. Underwood, entered into a recognizance; that Underwood did not within thirty days from the time of his arrest, as mentioned in the recognizance, deliver himself up for examination before some magistrate authorized to act, giving notice of the time and place thereof in the manner provided by Pub. Sts. c. 162, and the acts amendatory thereof and supplementary thereto, nor did he in any other respect keep or perform the conditions of the recognizance; wherefore the defendants owe the plaintiff the amount of the recognizance.

Annexed to the declaration was a copy of the execution, which directed the officer to levy upon " the goods, chattels, or lands of the said judgment debtors," and a copy of the affidavit of one Ralph S. Bartlett, who, on behalf of the judgment creditor, made oath that " the debtors named in said execution have property not exempt from being taken on execution, which they

do not intend to apply to the payment" of the judgment. The certificate of the court, which was also annexed to the declaration, stated that "after due hearing the said court is satisfied there is reasonable cause to believe that the charges made in the foregoing affidavit are true; this also certifies that it appears from the evidence before the said court that said debtor has been duly notified to appear before the said court for examination, . . . and has neglected and refused so to appear."

The condition of the recognizance was "that the said Porter A. Underwood, within thirty days from the time of his arrest, as above mentioned, will deliver himself up for examination before some magistrate authorized to act, giving notice of the time and place thereof in the manner provided" in Pub. Sts. c. 162, and the acts amendatory thereof and supplementary thereto, "and appear at the time fixed for his examination, and from time to time, until the same is concluded, and not depart without leave of the magistrate, making no default at any time fixed for his examination, and abide the final order of the magistrate thereon."

The defendants demurred to the declaration, and assigned as grounds of the demurrer: 1. That it set forth no cause of action. 2. That it did not show that the magistrate purporting to take the recognizance had jurisdiction to take it. 3. That it did not show that any judgment was rendered against the principal in said recognizance by any court having jurisdiction in the premises, or that such other proceedings were taken as to authorize the taking of any recognizance.

The Superior Court overruled the demurrer in both cases, and ordered judgment for the plaintiff for the amount of the recognizance; and the defendants appealed to this court.

*W. C. Cogswell*, for the defendants.

*A. H. Russell*, for the plaintiff.

MORTON, J. In these two cases the defendants demurred to the declarations. After a full hearing in the Superior Court, the demurrers were overruled, and judgment ordered in each case for the plaintiff for the amount of the recognizance. Thereupon the defendants appealed to this court. The same questions are presented in the two cases, and they were argued together.

1. The defendants object, in the first place, that the declaration does not show that any citation was served upon the principal defendants, either before or after the making of the affidavits, and that the certificates authorizing the arrests and the recognizances were therefore invalid. Copies of the original and alias executions, and of the affidavits and certificates, are annexed to and form parts of the declaration in each case. From these it appears that application for the arrests was made to the Third District Court of Eastern Middlesex for civil business. In the certificates authorizing the arrest it is stated " that it appears · from the evidence before the said court that said debtor has been duly notified to appear before the said court for examination, as provided in chapter 162 of the Public Statutes and the acts amendatory thereof and supplementary thereto." This imports that notice had been given, and must be taken as true. *Tracy* v. *Maloney*, 105 Mass. 90.

2. In the next place, the defendants object that the affidavit charges that the debtors jointly have property " which they do not intend to apply," etc. But we think the more natural construction is to take the affidavit as if it read, " that the debtors named in said execution have each property," etc., and that the words should be regarded as having been used in a distributive sense. We do not mean to intimate that, if the other were · the more natural construction, the affidavit would be defective. The execution directs the officer to levy upon " the goods, chattels, or lands of the said judgment debtors," but the separate property of either may be taken, showing that there a similar arrangement of words is distributive.

3. The defendants object to the certificate for a reason precisely opposite to that which they urge against the affidavit. They object that the word " debtor " is used, and not the word " debtors," and contend that it is entirely uncertain which debtor is meant, and whose arrest is authorized. The certificate is to be considered in connection with the affidavit. The affidavit uses the plural, though, as we have seen, it is to be construed distributively. The first sentence in the certificate sets out that the " court is satisfied there is reasonable cause to believe that the charges made in the foregoing affidavit are true," meaning that the charges are true as to each debtor.

There is no ground for supposing that the court did not mean the certificate to apply in all its parts to each debtor; and we think it fairly may be construed as if it read that "each said debtor" or "each debtor aforesaid" "has been duly notified, . . . and has neglected and refused so to appear." It is apparent that the error was a clerical one, due probably to the use of printed blanks. This is rendered the more probable from the fact that the same errors occur in both certificates. See *Abbott* v. *Tucker*, 4 Allen, 72; *Hill* v. *Bartlett*, 124 Mass. 399; *Foster* v. *Leach*, 160 Mass. 418.

In *Hitchcock* v. *Baker*, 2 Allen, 431, only one defendant was referred to in the affidavit, and it was entirely uncertain which one was meant.

4. The defendants further object that the two principal defendants could not be joined in one citation. We have not been referred to any statute which forbids it, or any authority against its being done, and we discover nothing in the nature of the proceedings which should prevent it. In *Pierce* v. *Phillips*, 101 Mass. 313, a citation issued in the name of two judgment debtors to two judgment creditors, and no objection seems to have been taken. We do not see why judgment debtors may not be joined in poor debtor proceedings, as well as in the execution or in the original writ. The rights of the debtors are not prejudiced thereby. Each is served with notice, and the oath is administered or refused, or he is found guilty or not, according as the facts after due examination in his case warrant, and not otherwise.

5. Lastly, it is objected that the recognizances are void because the principal defendants were required to deliver themselves up "for examination before some magistrate authorized to act," etc. It is contended that they should have been recognized to deliver themselves up "before some court of record, or police, district, or municipal court, or, except in the county of Suffolk, before some trial justice." It is expressly provided in the act amending the Public Statutes that where the word magistrate occurs in any section it shall be construed to mean "magistrate or court." St. 1888, c. 419, § 12. The same meaning is to be given to it in these recognizances. They are to be read, therefore, as if they were written, will deliver himself up "before some court or magistrate authorized to act," which

plainly would be sufficient. The recognizances refer in terms, not only to the public statutes, but to the acts in amendment thereof, and it was the duty of the defendants under the recognizances to deliver themselves up for examination, within the time limited, before some court or magistrate named in the amendatory act of 1888. *Thacher* v. *Williams*, 14 Gray, 324. The demurrers admit that they have not done so.

*Judgment on the verdict.*