HENRY KELLOGG, JR. *vs.* HOSEA W. LEACH & others.

Suffolk.    March 9, 1894. — June 23, 1894.

Present: FIELD, C. J., HOLMES, KNOWLTON, MORTON, & LATHROP, JJ.

*Recognizance — Affidavit for Arrest of one of two Judgment Debtors.*

A statement in an affidavit made upon an application for the arrest of two judgment debtors, "that the debtors A. and B., named in the said execution, have property not exempt from being taken on execution which he does not intend to apply to the payment of the judgment," is to be construed distributively, as if it read, "the debtors A. and B. . . . each have property . . . which he does not intend to apply to the payment of the judgment."

CONTRACT, upon a poor debtor's recognizance, entered into on March 2, 1893, by the defendant Leach as principal, and the other defendants as sureties.

At the trial in the Superior Court, before *Dewey*, J., it appeared that the plaintiff had recovered a judgment in the Superior Court against the defendant Leach and one Porter A. Underwood, upon which, on January 3, 1893, execution duly issued, and an application was made to a court having jurisdiction of the parties for a certificate authorizing the arrest of both Leach and Underwood, in which the affiant stated that he believed "that the debtors Hosea W. Leach and P. A. Underwood, named in the said execution, have property not exempt from being taken on execution which he does not intend to apply to the payment of the judgment creditor's claim."

The judge ruled that the allegation "have property not exempt," etc., considered in connection with the other parts of the affidavit, was to be construed distributively, and admitted the affidavit; and the defendants excepted.

The plaintiff offered in evidence the citation issued upon the application above stated, directed to both Leach and Underwood, as judgment debtors, to appear before the district court upon a

day and hour named and submit to an examination touching their estate. The defendants contended that the citation was invalid by reason of the joinder therein of both the judgment debtors, but the judge ruled that it was sufficient, and admitted it; and the defendants excepted.

The defendant Leach was arrested on the execution, and recognized on the usual conditions that he should within thirty days "deliver himself up for examination, before some magistrate authorized to act, giving notice of the time and place thereof," as by law provided, and afterward made default. The defendants asked the judge to rule that the recognizance was void, because the condition required the debtor to deliver himself up before some magistrate, instead of before some court of record, or police, district, or municipal court, or, except in the county of Suffolk, some trial justice. The judge declined so to rule; and the defendants excepted.

The judge directed the jury to return a verdict for the plaintiff for the amount of the recognizance; and the defendants alleged exceptions.

*W. C. Cogswell,* for the defendants, did not care to be heard.

*C. F. Eldredge,* for the plaintiff.

MORTON, J. The first objection which the defendants make is, that the affidavit annexed to the execution is defective in stating "that the debtors Hosea W. Leach and P. A. Underwood, named in the said execution, have property not exempt from being taken on execution which he does not intend to apply to the payment of the judgment creditor's claim." It is contended that it is uncertain who is meant by "he," and that therefore there is no charge that the defendant Leach has property which he does not intend to apply to the payment of the plaintiff's claim. But we think that the affidavit is to be construed distributively, as if it read, "the debtors Hosea W. Leach and P. A. Underwood each have property," etc. *Abbott* v. *Tucker,* 4 Allen, 72. *Hill* v. *Bartlett,* 124 Mass. 399. *Foster* v. *Leach,* 160 Mass. 418. *Stearns* v. *Hemenway, ante,* 17.

The other questions are disposed of by *Stearns* v. *Hemenway, ubi supra,* and therefore need not be further considered.

*Exceptions overruled.*