FRANCIS L. BENWAY *vs.* HOMER C. JARRATT & another.

FRANK BENWAY *vs.* SAME.

Suffolk. January 15, 1925. — February 27, 1925.

Present: RUGG, C.J., BRALEY, CROSBY, PIERCE, & CARROLL, JJ.

*Poor Debtor,* Notice.

If one who has been arrested on executions in two actions of tort and has recognized in both actions with sureties that he would appear and submit to examination as a poor debtor under G. L. c. 224, serves upon an attorney at law, who is attorney of record for both judgment creditors, a single notice addressed to both the judgment creditors, the requirements of G. L. c. 224, § 23, are satisfied.

TWO ACTIONS OF CONTRACT upon poor debtor recognizances. Writs in the Municipal Court of the City of Boston dated June 20, 1924.

Material facts appearing at the hearing in the Municipal Court are described in the opinion. In each action, the

judge found for the plaintiff in the sum of $113.80 and reported the action to the Appellate Division, by whose order the entry was made in each case, "Finding vacated — judgment for defendant." The plaintiffs appealed.

W. J. *Gaffney*, for the plaintiffs, submitted a brief.

M. W. *Bullock*, for the defendants.

PIERCE, J.   These actions were tried together on an agreed statement of facts, which are substantially as follows: One Allen was arrested on two executions in actions of tort in behalf, respectively, of Francis L. Benway and of Frank Benway. Wilfrid J. Gaffney, Esquire, was attorney of record for the plaintiff in each execution. Allen, on the day of his arrest, recognized with the defendant Jarratt as surety in the sum of $200 on each execution, that within thirty days he would appear before some court for examination, as provided in G. L. c. 224. Later he applied to the Municipal Court of the City of Boston for a notice to the said judgment creditors of his intention to be examined as a poor debtor. A notice was issued on the application, returnable within thirty days at said court. This notice was addressed to Frank Benway and Francis L. Benway, judgment creditors; and was duly served on Mr. Gaffney, the attorney of record of Frank and Francis L. Benway. On the return day the judgment debtor with the defendant, his surety, appeared before the poor debtor session of the Municipal Court of the City of Boston for the purpose of being examined.

Neither the judgment creditors nor their attorney appeared in court. An associate judge of the Municipal Court found for the plaintiff in each case and reported the cases to the Appellate Division of that court. The cases are here on the appeal by the plaintiffs from an order for judgment for the defendants in each case.

On the agreed facts the plaintiffs contend that the notice was inefficient, in that it described a single execution in favor of two joint creditors, which did not exist, in place of two executions in favor of two distinct creditors; and that the single execution could not be produced at the place and time of the examination of the debtor or served by an officer if the court should refuse to administer the oath.

We think the rule of law which governs this case is not that of *Merriam* v. *Haskins*, 7 Allen, 346, but is that of *Dana* v. *Carr*, 124 Mass. 397, *Hill* v. *Bartlett*, 124 Mass. 399, *Dwyer* v. *Winters*, 126 Mass. 186, and *Calnan* v. *Toomey*, 129 Mass. 451. The attorney of record for both plaintiffs knew when the notice was served upon him that the plaintiffs had no joint judgment or joint execution against Allen, and he then knew that the plaintiffs had separate judgments and separate executions against Allen. In these circumstances it would be impossible to believe the attorney could fail to understand what the notice meant. *Dana* v. *Carr, supra.*

*Judgment for the defendant.*