## ALFRED E. GOODWIN vs. WILLIAM H. MORSE.

A promissory note may be given in evidence, on the money counts, in a suit by an indorsee against the promisor.
When a promissory note, given for a chattel that is warranted to the promisor by the payee, is indorsed after it is dishonored, and the indorsee sues the promisor on the money counts, and gives the note in evidence, the promisor may show that the chattel was not such as it was warranted to be; and he is thereupon entitled to have so much deducted from the amount of the note, as the chattel, by reason of its defects, was worth less than it would have been, if the defects had not existed; but he is not entitled to a deduction of the difference between the amount of the note and the sum which the jury may deem the true value of the chattel.

ASSUMPSIT on the money counts only. At the trial, in the court of common pleas, before *Warren*, J., the plaintiff offered in evidence a promissory note, for $110, signed by the defendant, dated July 26th 1841, payable *to* Goodwin, Sargent & Co., or order, on demand, without interest, and indorsed by the payees. The defendant objected to the admission of the note in support of the declaration; but the objection was overruled.

It was admitted by the plaintiff that the note was given to the payees in part payment of the price of a chaise bought of them by the defendant at the date of the note, and that the chaise, at the time of the sale thereof to the defendant, was warranted by them to be " a first rate chaise ; " and that the note came into the hands of the plaintiff when it was overdue.

The defendant then offered evidence tending to show that said chaise, at the time of the sale thereof, was not a first rate chaise, but that there were defects in it ; and he claimed .a deduction from the amount of the note, on that account. He also contended that the difference between the amount agreed to be paid for the chaise, and what the jury should deem its true value at the time of the sale, was the amount of the deduction to which he was entitled. But the judge instructed the jury, that if the chaise was sold with warranty, and if there were, at the time of the sale, defects in it which constituted a breach of the warranty, the defendant was entitled to have so much deducted from the amount of the note as the chaise was worth less on account of such defects.

The jury returned a verdict for the plaintiff, for a part of the amount of the note ; and the defendant alleged exceptions to the aforesaid ruling and instructions.

*Wellington,* for the defendant.

*Brigham,* for the plaintiff.

SHAW, C. J. It is too late now to question the proposition, that on the counts for money had and received, and money paid, a note may be given in evidence in a suit by an indorsee against the maker. It is evidence of money received by the maker, to the use of any one who shall become the lawful holder by indorsement. *State Bank* v. *Hurd,* 12 Mass. 172. *Penn* v. *Flack,* 3 Gill & Johns. 369. *Raborg* v. *Peyton,* 2 Wheat. 385. *Olcott* v. *Rathbone,* 5 Wend. 495.

On the other point, we think the direction of the court of common pleas was right. The plaintiff, suing upon an overdue and dishonored note, may be met by any set-off, or other equitable defence, which would avail against the payee. If he chaise, for which this note was the consideration, did not conform to the warranty, the purchaser, in a suit on his note by the vendors, might have a deduction, for the breach of warranty, from the note. *Harrington* v. *Stratton,* 22 Pick. 510. But what would he have a right to deduct ? The defendant insists that it is the difference between the amount agreed to be paid for the chaise, that is, the amount of the note, and what the jury should deem to have been the true value of the chaise at the time. But the judge declined to adopt this rule, and instructed the jury, that if there were defects in the chaise, amounting to a breach of warranty, they should deduct as much as the chaise was worth less on account of those defects.

The court are of opinion, that the claim of the defendant could not be supported, and that the direction to the jury was right.

There was no question before the jury as to the actual worth of the chaise ; no question whether either party had made a good or a bad bargain. This mode of defence is of modern origin, founded on a liberal application of the rules of law, which allow such deduction as a substitute for a cross

action on the warranty, to avoid circuity of action. The same rule of damages, therefore, must be adopted, as would be adopted in assessing damages in such cross action. In that case, it is very clear that the rule of damages would be the loss arising from those defects in respect to which the warranty is broken.

*Exceptions overruled.*