JOHN S. HENDERSON v. H. A. LEMLY and another, Adm'rs.

*Bond—Liability of Endorser—Estoppel.*

Where the defendants' intestate endorsed to the plaintiff for value, a bond which had been executed to him by one member of a firm in the name of the firm ; *It was held,* in an action on the bond against the administrators of the endorser, that they were *estopped* from setting up any infirmities in the bond.

(*Sellers* v. *Streator,* 5 Jones 261 ; *Fisher* v. *Pender,* 7 Jones 483, cited, distinguished and approved.)

CIVIL ACTION trid at January Special Term, 1878, of ROWAN Superior Court, before *Kerr, J.*

The plaintiff brought this action against the defendants as administrators with the will annexed of John I. Shaver upon his endorsement of the following instrument :

" One day after date I promise to pay John I shaver or order the sum of $101.25, value received. Witness, &c., this 28th day of February, 1872.

(Signed) MILLS & BOYDEN, [SEAL.]"

The instrument was signed, sealed and delivered by A. H. Boyden, one of the firm of Mills & Boyden, for a valuable consideration to the testator, who endorsed and transferred it to the plaintiff for full value as specified on its face. The defendants deny the testator's liability as endorser under the statute, and say the instrument is not negotiable and is inoperative, binding neither the partnership on account of the seal, nor the individual partners because they are not within its terms, according to the ruling of this Court in *Sellers* v. *Treator,* 5 Jones 261, and *Fisher* v. *Pender,* 7 Jones 483.

His Honor instructed the jury that as defendants had admitted that plaintiff had paid their testator full value for

the note, they were liable as for money had and received. Verdict for plaintiff. Judgment. Appeal by defendants.

*Mr. Kerr Craige*, for plaintiff.
*Mr. W. H. Bailey*, for defendants.

SMITH, C. J. (After stating the case as above.) The defence can not avail to defeat the recovery. If the instrument be altogether void, there is an entire failure of consideration and the action lies for money had and received to the plaintiff's use. If the instrument be the act and deed of Boyden, it is in fact as well as in form negotiable within the statute, and the endorsement renders the testator liable as a surety. Bat. Rev. ch. 10, §§ 1, 10.

The case of *Fisher* v. *Pender*, *supra*, decides that a writing in these words,—due J. Fisher forty-five dollars for value received, 12th October, 1854, (signed) Pender & Bryan, [seal],—executed by one of the partners only, does not, as such, bind either the firm or himself. The contrary had been held in *Elliot* v. *Davis*, 2 B. & P. 338, and BATTLE, J., delivering the opinion in the former case undertakes to distinguish between them in the form of the respective instruments declared on. In *Elliott* v. *Davis*, these words were used: "Know all men by these presents that J. T. Davis and G. Marsh," &c., and this language it is said indicates an intent to impose a personal as well as joint liability, and may be effectual as to the partner who made the deed. If this authority is recognized, it would seem to embrace the case now before us, in which language almost identical is used. But it is not necessary to determine this question.

The assignment of a negotiable chose in action by endorsement, besides its legal operation in transferring title, contains by implication a warranty, 1st. That the instrument is genuine and valid ; 2d. That the parties to it are competent to enter into the contract and are bound by it,

and 3rd. That the money specified on its face is due. 2 Parsons on Notes and Bills, 26—29; 1 Daniel on Neg. Instr. § 669.

If these warranties or any of them fail, the assignee may recover adequate compensation for the breach of the contract against his assignor. Moreover, in an action against the endorser of negotiable paper, the same defences are not open to him that might be set up by the maker, if the suit was against him on the original contract; and some which he might set up against the payee, he can not set up against the assignee. But we do not propose to discuss these matters further. We put our decision upon higher ground, that of estoppel growing out of the act of assignment. The defendant was a party to the bond, and knows, or is presumed to know, not only the consideration for which the bond was given, but the circumstances attending its execution. He has dealt with it, sold it, and received its value, as a valid and subsisting obligation to the plaintiff. There is not any defect touching its integrity as a bond apparent upon its face. The form of the signature does not disclose the alleged imperfection. If both partners were present directly participating in its execution, or the signing partner had authority under seal to act for his co-partner, it would be the covenant of both. The plaintiff has a right to presume. from the testator's manner of dealing with and diposing of the bond, the existence of such facts as give it legal efficacy. By his very endorsement the testator has so represented, and upon its faith the plaintiff has purchased. The defendant can not be allowed to take advantage of his own wrong and escape the consequences of his own act. It would be a fraud on the plaintiff to allow him to prove the invalidity of the bond by evidence dehors and thus discharge himself. 1 Daniel on Neg. Instr. § 674; Story Prom. Notes, 128; Bigelow Estop. 429, 479; *State Bank* v. *Fearing*, 16 Pick. 533.

The principle is forcibly stated by Mr. Justice DAVIS in discussing a kindred subject in a case before the Supreme Court of the United States : " It is accordingly established doctrine that whenever an act is done or statement made by a party which can not be contradicted without fraud on his part and injury to others, whose conduct has been influenced by the act or omission, the character of an estoppel will attach to what otherwise would be new matter of evidence." *Dair* v. *United States,* 16 Wall. 1.

The application of the rule to the facts of our case precludes the defendant from showing infirmities in a bond to which he has himself given currency, as containing a legal and unimpeachable obligation. It is not necessary to inquire how far the rule would require modification if the alleged infirmities were patent or communicated previous to the assignment, because such is not our case. Our conclusion is that the testator's estate in the defendants' hands is liable to the plaintiff, whether the bond is deemed binding on the firm, or on the acting member only, or be itself a nullity, in this action against the administrators of the endorser.

No error.

PER CURIAM.                     Judgment affirmed.