WALTER W. KENWORTHY & others *vs.* SARAH A. SAWYER

Hampshire.　Sept. 17, 1877. — July 18, 1878.

Under the St. of 1874, c. 184, a promissory note, made by a partnership, and indorsed by the wife of one partner for the accommodation of the firm, binds her.

An instrument under seal, given by the indorsee of a note to one of the joint makers, whereby the indorsee acknowledges the receipt of part of the amount of the note, covenants not to sue the maker to whom it is given, and reserves all rights against other parties to the note, does not discharge such parties.

CONTRACT upon a promissory note for $800, dated December 30, 1875, signed by Byron Smith and M. W. Sawyer, payable to the order of the defendant, and by her indorsed in blank. The case was submitted to the Superior Court, and, after judgment for the defendant, to this court, on appeal, on an agreed statement of facts in substance as follows :

The makers of the note declared on were, at the time, engaged as copartners in the business of buying and selling cattle and swine. The defendant, the wife of one of the makers, indorsed the note, for the accommodation of the firm, to raise money to be used in their business. Demand was made on the makers at the maturity of the note, and notice of the non-payment duly given to the defendant.

On March 20, 1876, after the bringing of this action, Smith, one of the makers, paid the plaintiffs, by J. C. Hammond, his trustee, $360, on account of the note, and took from the plaintiffs the following receipt, signed and sealed by them : " In consideration of the sum of three hundred and sixty dollars from J. C. Hammond, trustee, from funds raised by sales of property of B. Smith and release of dower rights, we hereby covenant with J. C. Hammond, Tr. and with Byron Smith, that we will never sue for, enforce collection, or in any way or manner demand or enforce collection of the balance of said Smith's indebtedness to us. Reserving nevertheless to ourselves all rights as to other parties, whether indorser for or joint promisor with said Smith."

*R. O. Dwight*, for the plaintiffs.

*A. A. Tyler*, for the defendant.

GRAY, C. J. By the St. of 1874, *c.* 184, a married woman " may make contracts, oral and written, sealed and unsealed, in

the same manner as if she were sole," and "may sue and be sued in the same manner and to the same extent as if she were sole " — with this restriction only, that nothing in this act contained shall authorize a married woman to make contracts with her husband, or authorize suits between husband and wife.

This statute does not, like the Gen. Sts. *c.* 108, § 3, restrict the capacity of a married woman to make contracts, and to sue and be sued, to matters in reference to her separate property, business or earnings, but enables her to make and to be sued upon contracts of every kind with any one but her husband, as if she were unmarried. *Major* v. *Holmes*, 124 Mass. 108.

A promissory note, like any other contract, between husband and wife, or between a wife and a partnership of which her husband is a member, is void as between the original parties. *Jackson* v. *Parks*, 10 Cush. 550. *Lord* v. *Parker*, 3 Allen, 127. *Edwards* v. *Stevens*, 3 Allen, 315. A promissory note, therefore, made by a husband, or by a partnership of which he is a member, to his wife, or by a wife to her husband, will not sustain an action against the maker, either by the payee or by an indorsee. *Ingham* v. *White*, 4 Allen, 412. *Roby* v. *Phelon*, 118 Mass. 541.

But an indorser, when sued upon the contract between him and his indorsee, is not at liberty to deny the validity of the original note, or the capacity of the maker, for the purpose of defeating his own liability. *Burrill* v. *Smith*, 7 Pick. 291, 295. *State Bank* v. *Fearing*, 16 Pick. 533. *Prescott Bank* v. *Caverly*, 7 Gray, 217. *Erwin* v. *Downs*, 15 N. Y. 575. As Lord Hardwicke long ago said, " Though a note given by a wife to a husband is void, yet if it is indorsed over by the husband, as between him and the indorsee it is certainly good." *Haly* v. *Lane*, 2 Atk. 181. Since the St. of 1874 took effect, a promissory note made by a married woman to her husband, and indorsed by him, is governed by the same rules. And see *Knight* v. *Thayer, ante,* 25.

The consideration moving from the party who takes the note with the signatures of the maker and of the indorser is sufficient to support the promise of the latter, and the fact that the indorsement is for the accommodation of the maker affords no defence to the indorser. *Violett* v. *Patton*, 5 Cranch, 142. *Yeaton*

v. *Bank of Alexandria*, 5 Cranch, 49, 53.   *Brown* v. *Mott*, 7
Johns. 361.

The agreement made by the plaintiffs with one of the makers,
upon receiving payment of part of the note, did not discharge
the indorser; because it was not a technical release, but a mere
covenant not to sue ; and because it expressly reserved all rights
against the indorser and the joint promisor.   *Perkins* v. *Gilman*,
8 Pick. 229.   *Sohier* v. *Loring*, 6 Cush. 537.

It follows that the defendant, though a married woman, yet,
having capacity under the St. of 1874 to make the contract with
the plaintiffs upon which this action is brought, is liable to them
for that part of the note which has not been paid.

*Judgment for the plaintiffs accordingly.*