PRESCOTT NATIONAL BANK OF LOWELL *vs.* BENJAMIN
F. BUTLER.

Middlesex.    November 16, 1892. — January 4, 1893.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & BARKER, JJ.

*Promissory Note — National Bank Act — Lord's Day — Suit by Indorsee
against Indorser.*

If it is assumed that a national bank is not authorized, under the U. S. Rev. Sts.
§ 5136, (13 U. S. Sts. at Large, 101,) to go into the market and buy promissory
notes from those who are selling them only as a commodity, yet such a purchase,
even if *ultra vires*, is an ordinary contract, and is not made penal or expressly
forbidden, and the maker or indorser cannot defend on the ground that the bank
has obtained no title. The violation of law can be availed of only in proceedings
against a national bank, in the interest of the public, to deprive it of its charter.

In an action by the indorsee of a promissory note, a national bank, against the
indorser, it appeared in evidence that the note was in the hands of the indorser's
agent, who consulted the indorser about the rate of interest before giving the note
to the bank, and that the bank's money was paid to the indorser, less the agent's
commission. *Held,* that this evidence would warrant, if not require, a finding
by the court that the transaction was a discounting of a note for the defendant
within the meaning of the U. S. Rev. Sts. § 5136 (13 U. S. Sts. at Large, 101).

Even if a national bank does not get the legal title to a promissory note bought in
the market, it may maintain a suit as the holder, and the maker and the indors-
ers cannot be relieved from their contracts to pay the holder the amount promised
in the writing.

Whether a promissory note made on the Lord's day can be enforced by the payee
against the maker is immaterial in a suit by the indorsee against the indorser,
as the latter " always warrants the existence and legality of the contract which
he undertakes to assign."

CONTRACT, upon a promissory note for $12,500, dated June
13, 1886, and made payable four months thereafter to the order
of the defendant, and by him indorsed. Trial in the Superior
Court, without a jury, before *Braley*, J., who found for the
plaintiff for the full amount of the note with interest; and the
defendant alleged exceptions. The facts appear in the opinion.

*J. N. Marshall*, for the defendant.

*S. Hoar*, (*W. Sullivan* with him,) for the plaintiff.

KNOWLTON, J. The defendant contends that the plaintiff
cannot recover; first, because it has no title to the note; and
secondly, because the note was made on the Lord's day, in vio-

lation of the statute. It is argued that, under the statutes of the United States, national banks cannot buy or sell promissory notes, and that, inasmuch as the plaintiff obtained the note by purchase, it has no right to hold or collect it.

On the question whether a national bank can buy promissory notes in the market as a natural person can, there is a conflict of authority. Its power to do so, if it has any, is conferred by the U. S. Rev. Sts. § 5136, (13 U. S. Sts. at Large, 101,) which authorizes national banks to discount and negotiate "promissory notes, drafts, bills of exchange, and other evidences of debt," etc. It has sometimes been held that the right to discount and negotiate notes, etc., goes no further than to authorize the taking of them in return for a loan of money made on the strength of the promises contained in them. *Lazear* v. *National Union Bank*, 52 Md. 78, 124. *Farmers & Mechanics' Bank* v. *Baldwin*, 23 Minn. 198. *First National Bank* v. *Pierson*, 24 Minn. 140. *Niagara County Bank* v. *Baker*, 15 Ohio St. 69. By other courts it has been held that the right to "discount and negotiate" includes the right to buy. *Smith* v. *Exchange Bank*, 26 Ohio St. 141. *Pape* v. *Capital Bank*, 20 Kans. 440. See also *First National Bank* v. *Harris*, 108 Mass. 514, 516; *National Pemberton Bank* v. *Porter*, 125 Mass. 333; *Atlas National Bank* v. *Savery*, 127 Mass. 75, 77.

If we assume, in favor of the defendant, that national banks are not authorized under the law to go into the market and buy promissory notes from those who are selling them only as a commodity, there are several reasons why this defence cannot prevail. In the first place, if such a purchase is *ultra vires*, it is an ordinary contract; it is not made penal nor expressly forbidden, and the maker or indorser cannot defend on the ground that the bank has obtained no title. The violation of law can be availed of only in proceedings against a national bank, in the interest of the public, to deprive it of its charter. This has been decided by the Supreme Court of the United States. *National Bank* v. *Matthews*, 98 U. S. 621, and cases cited. *National Bank* v. *Whitney*, 103 U. S. 99. *Merchants' National Bank* v. *Hanson*, 33 Minn. 40. *Slater Woollen Co.* v. *Lamb*, 143 Mass. 420.

Secondly, the evidence in this case would well warrant, if not require, a finding by the court that the transaction was a dis-

counting of a note for the defendant within the meaning of the statute. The note was in the hands of the indorser's agent, who consulted the indorser about the rate of interest to be allowed before giving the note to the plaintiff. The plaintiff's money was paid to the indorser, less the agent's commission. The transaction would have been no different in substance if the defendant, who held the note as indorser, had carried it to the plaintiff's bank, and had there made in person the contract which he made through the agent. If he had done that, the transaction clearly would have been a negotiation of a loan and a discounting of a promissory note. *Lazear* v. *National Union Bank*, 52 Md. 124. *Farmers & Mechanics' Bank* v. *Baldwin*, 23 Minn. 198. *First National Bank* v. *Pierson*, 24 Minn. 140.

Thirdly, it has been held in this Commonwealth, in analogy with the above cited decisions of the Supreme Court of the United States, but on somewhat different grounds, that, even if a national bank does not get the legal title to a promissory note bought in the market, it may maintain a suit as the holder, and the maker and the indorsers cannot be relieved from their contracts to pay the holder the amount promised in the writing. *Atlas National Bank* v. *Savery*, 127 Mass. 75, 77. *National Pemberton Bank* v. *Porter*, 125 Mass. 333.

Of the second ground of defence it may be said that the contract relied on in this suit is the contract between the defendant as indorser and the plaintiff. That was not made on the Lord's day; the contract between the makers and the indorser may or may not have been. The date written on the paper is not conclusive. There may have been a mistake in the date, or the note may have been written on the Lord's day and afterwards delivered on a secular day, in which case it would be valid between the original parties. Whether the note could be enforced by the payee against the maker is immaterial in this suit, for an indorser of a promissory note " always warrants the existence and legality of the contract which he undertakes to assign." *Burrill* v. *Smith*, 7 Pick. 291, 294. *Veazie* v. *Willis*, 6 Gray, 90. *Prescott Bank* v. *Caverly*, 7 Gray, 217. *Kenworthy* v. *Sawyer*, 125 Mass. 28. *Binney* v. *Globe National Bank*, 150 Mass. 574, 578. *Hannum* v. *Richardson*, 48 Vt. 508. *Henderson* v. *Lemly*, 79 N. C. 169. The defendant by his indorsement is

estopped to deny that the note is a valid contract, and as against him it must be assumed that it was made and delivered at a time when such business could lawfully be done.    The presiding justice rightly refused to rule that the plaintiff was not entitled to recover.                                 *Exceptions overruled.*