### CITIZENS' STATE BANK OF NOBLESVILLE v. HAWKINS.

(Circuit Court of Appeals, Seventh Circuit. January 6, 1896.)

#### No. 229.

CORPORATIONS—ULTRA VIRES—LAWFUL ACT FOR UNLAWFUL PURPOSE.

A state bank which, under its charter, had power to accept stock in a national bank as security for a loan, or to acquire such stock by levy and sale under execution to satisfy a debt due to it, but which had no power to purchase such stock as an investment, purchased shares of the stock of a national bank, which were transferred to it on the books of the national bank. The latter bank subsequently became insolvent, and an assessment upon the stockholders was made by the comptroller of the currency, payment of which was resisted by the state bank on the ground that the purchase of the stock was ultra vires. *Held* that, as the purchase of the stock was merely the exercise, for an unauthorized purpose, of a power existing for other and legitimate purposes, the defense of ultra vires was not available.

In Error to the Circuit Court of the United States for the District of Indiana.

The defendant in error, Edward Hawkins, as receiver of the Indianapolis National Bank, brought suit against the plaintiff in error, the Citizens' State Bank, alleging his appointment by the comptroller of the currency of the United States as receiver of the national bank; that the assets of the bank were insufficient to pay its indebtedness, and that on the 25th of October, 1893, the comptroller of the currency, in order to pay the liabilities of the insolvent banking association, made an assessment upon all of the shares of its capital stock of 100 per cent. upon the par value thereof, and ordered payment thereof on or before the 25th day of November, 1893; that the Citizens' State Bank, at the time of the suspension of the national bank, was, and since has been, the owner of 79 shares of its capital stock, of the par value of $100 each, and, notwithstanding notice of the assessment and demand of payment, made default, and recovery is sought for the sum of $7,900, the amount of such assessment.

The Citizens' Bank appeared to the suit, and made answer, inter alia, as follows: "The defendant, a banking corporation organized and existing under the laws of the state of Indiana as a state bank, answering, says: It is not liable herein, for that it did not become the owner or holder of the shares of stock in the Indianapolis National Bank, described in the declaration, either as a pledge or upon execution or any compromise or settlement of a doubtful or bad debt, but, on the other hand, in the manner following, and not otherwise; that is to say: Theodore P. Haughey, being the president of the Indianapolis National Bank, and at the same time president of this defendant, purchased the said shares for this defendant, and as its president, on the 31st day of July, 1885, of William Wallace, receiver, who was then the owner and holder thereof; and he, the said Haughey, having so purchased the same, as the president of and for this defendant, did then and there, as the president of the Indianapolis National Bank, cause the said shares to be transferred to this defendant on the books of the Indianapolis National Bank, in whose name the same have ever since stood. And this defendant says it is not liable herein, for that, under the act of congress governing national banks, the said Haughey, as president of the Indianapolis National Bank, had no power or authority to transfer the same to this defendant, being an artificial person, to wit, a corporation of the state of Indiana. And this defendant had no power or capacity to receive the same, and to become or continue the holder or owner thereof, because by the laws of the state of Indiana authorizing the creation of state banks, and the manner of carrying on their business, this defendant was not authorized by law to become the holder or owner of shares in the Indianapolis National Bank, and so was prohibited from so doing. And defendant says that he, the said Theodore P. Haughey, from the date of said purchase until the failure of the Indianapolis National Bank, was at all times the president thereof, and so also of the defendant." To this part of the answer a demurrer was interposed, which demurrer was sustained by the court. On the 13th of December, 1894, the Citizens' Bank withdrew its general denial to the declaration, and declined to answer further, but elected to abide by the ruling of the court on the demurrer to the paragraph of the answer referred to; whereupon the cause was submitted to the court, and a judgment rendered against the state bank for the amount claimed.

The statute of Indiana (Rev. St. 1881, § 2687; Rev. St. 1894, § 2924) determining the powers of banking corporations provides that they "may exercise, under this act, all the powers incidental and proper, or which may be necessary and usual in carrying on the business of banking as a bank of discount and deposit; may receive deposits, buy and sell exchange, gold and silver coin and bullion; and may loan money, negotiate, sell and guaranty such loans, and promissory notes, bonds, drafts, bills of exchange, and other evidences of debt, and any security thereof; and may become and act as the trustee for the same as fully as private persons may; but no such association shall issue notes, bills, or other evidences of indebtedness in the form or similitude of bank notes, and intended to circulate as bank notes or bills or as money. And such association may contract for, charge, take, reserve, and receive on loans and discounts for, charge, take, reserve and receive on loans and discounts the highest rates of interest allowed by the law of this state to be contracted for, taken and received by individuals."

Addison C. Harris and Geo. Shirts, for plaintiff in error.

Frank B. Burke and John W. Kern, for defendant in error.

Before WOODS, JENKINS, and SHOWALTER, Circuit Judges.

JENKINS, Circuit Judge, after stating the facts as above, delivered the opinion of the court.

An act is ultra vires a corporation when it is beyond and outside of the scope of the powers conferred by its founders,—when the corporation is without authority to perform it under any circumstances or for any purpose. Such acts are wholly void, and no contract for

their performance can be enforced by or against the corporation, the plea of ultra vires being available to either party to the contract. Such was the character of the agreement under consideration in Thomas v. Railroad Co., 101 U. S. 71; Central Transp. Co. v. Pullman's Palace Car Co., 139 U. S. 24, 11 Sup. Ct. 478. There are, however, acts done in excess of conferred powers, illegal as to shareholders, but for which the corporation is liable to innocent parties; as, for example, where a corporation is authorized to perform an act for a specific purpose, and performs the act for another and unauthorized purpose. In such case the plea of ultra vires is available to neither party. Such was the character of the contracts under consideration in Union Gold Min. Co. v. National Bank, 96 U. S. 640; Smith v. Sheeley, 12 Wall. 358; Bank v. Matthews, 98 U. S. 621; Bank v. Whitney, 103 U. S. 99; Bank v. Stewart, 107 U. S. 676, 2 Sup. Ct. 778; Fritts v. Palmer, 132 U. S. 282, 10 Sup. Ct. 93; Bank v. Townsend, 139 U. S. 67, 11 Sup. Ct. 496; Thompson v. Bank, 146 U. S. 240, 13 Sup. Ct. 66; Bank v. Butler, 157 Mass. 548, 32 N. E. 909; Ditch Co. v. Zellerbach, 37 Cal. 543. In the case in hand no power is granted to purchase stock in another bank, and therefore a prohibition to do so may be implied. First Nat. Bank v. National Exch. Bank, 92 U. S. 122. It is not doubted, however, that under the banking law of Indiana the plaintiff in error had power to accept stock in another bank as security for a loan, or to acquire such stock by levy thereon and sale thereof under execution to satisfy a debt due to it. Morse, Banks, § 59; Bank v. Case, 99 U. S. 628. It had the power, therefore, under certain circumstances, and for certain purposes, to acquire stock in a national bank. It obtained the stock in question by purchase from a third party, and procured its transfer to itself upon the books of the national bank. The acquisition of such stock was within the general scope of its powers. The case is, therefore, one of an abuse of a general power, a wrongful exercise of conferred power, for purposes and under circumstances contrary to law, and not the case of the exercise of a power not in any event given. It is, therefore, related to the second class above noted, to which the doctrine of ultra vires does not apply. In all such cases a corporation cannot "set up its own violation of law to escape the responsibility resulting from its illegal action." Id. 628–633. The misuse of power in such cases is matter for consideration by the authorities of the state. If such abuse of power be prejudicial to the public, a forfeiture of the charter will furnish a preventive remedy. It would be grievous wrong to permit a corporation to assert its own abuse of power to escape liability under the facts here disclosed. It held this stock for many years, taking any profits accruing therefrom. It must meet the liability resulting from the failure of the bank. It cannot approbate and reprobate. It has received the benefits. It must bear the burdens. "The doctrine of ultra vires, when invoked for or against a corporation, should not be allowed to prevail when it would defeat the ends of justice or work a legal wrong." Railroad Co. v. McCarthy, 96 U. S. 258–267.

The judgment will be affirmed.