EVERETT TRUST COMPANY *vs.* RICHARD H. MORRIS & another.

Middlesex.    January 17, 1928.— February 28, 1928.

Present: RUGG, C.J., BRALEY, PIERCE, CARROLL, & SANDERSON, JJ.

*Bills and Notes*, Accommodation indorser, Holder in due course. *Husband and Wife. Notice. Evidence*, Competency. *Practice, Civil*, Ordering verdict, Exceptions.

In an action by an indorsee against an accommodation indorser of a promissory note, due demand for payment, notice of nonpayment and the genuineness of the defendant's signature were admitted. The defendant testified that he had a conversation with the plaintiff at the time the note was presented to him for his signature, to the effect that the responsibility of another indorser, the payee, was such that the defendant's liability would be less in case the maker failed to pay the note. The defendant further testified that he did not know when affixing his signature to the notes that the plaintiff was extending credit to the maker relying in part on the defendant's signature. Such testimony by the defendant was ordered struck out by the trial judge, who ordered a verdict for the plaintiff. It appeared that the payee of the note was the maker's wife. *Held*, that

(1) The fact that the note was payable to the maker's wife and indorsed by her created no infirmity in it as between the plaintiff and the defendant;

(2) The evidence struck out had no tendency to show lack of good faith or notice of infirmity in the note on the part of the plaintiff, or any agreement between the plaintiff and defendant which would relieve the defendant of liability;

(3) Knowledge on the plaintiff's part that the defendant was an accommodation indorser would not affect the plaintiff's right to recover as a holder in due course;

(4) The evidence above described properly was struck out;

(5) The verdict properly was ordered for the plaintiff.

CONTRACT, against the indorsers of two promissory notes. Writ dated October 2, 1924.

In the Superior Court, the action was tried before *Walsh,* J. The conversation referred to in the opinion between the defendant and the plaintiff's treasurer took place when the note was presented to the defendant for his signature. At the close of the evidence the judge ordered struck out certain evidence described in the opinion, and ordered a verdict for the plaintiff in the sum of $892.53. A motion by the defendants that a verdict be ordered in their favor was denied. The defendant Morris alleged exceptions.

The case was submitted on briefs.

*A. M. McLean,* for the defendant Morris.

*S. Markell,* for the plaintiff.

SANDERSON, J. This is an action of contract to recover upon two promissory notes made by H. W. Peckham and payable to the order of Nellie R. Peckham; they were indorsed by her, and also by the defendant as an accommodation indorser for the maker. The plaintiff discounted the notes before maturity and paid their face value to the maker. Due demand for payment, notice of nonpayment, and the genuineness of the signature of the defendant were admitted. Subject to the plaintiff's exception, the defendant testified that he had a conversation with the plaintiff's treasurer at the time of the transactions to the effect that the financial standing of Nellie R. Peckham was such that the responsibility of the defendant would be less in case the maker failed to pay the notes, and that in this talk reference was made to the fact that the payee was the wife of the maker of the notes. In cross-examination the defendant testified in substance that he did not know when affixing his signature to these notes that the bank was extending credit to Mr. Peckham relying in part upon his (the defendant's) signature.

At the conclusion of the evidence the judge, subject to the defendant's exception, ordered struck out the evidence with reference to what was said at the time the notes were signed. The defendant also saved an exception to the refusal of the judge to allow his motion for a directed verdict, and to the allowance of the plaintiff's motion that a verdict be directed in its favor.

The defendant contends that the evidence struck out was

admissible to show the conditions under which the defendant signed the notes, and also that the plaintiff was not a holder in due course and that the defendant was not liable on his indorsement. The fact that each note was made payable to the order of the maker's wife and indorsed by her created no infirmity in the note in so far as the defendant's liability or the plaintiff's rights are concerned. *Kenworthy* v. *Sawyer,* 125 Mass. 28, 29. *Binney* v. *Globe National Bank,* 150 Mass. 574, 578. *Prescott National Bank* v. *Butler,* 157 Mass. 548, 550. The evidence struck out had no tendency to prove lack of good faith on the part of the plaintiff, nor that it had notice of any infirmity in the instrument or defect in the title of the person negotiating the notes (see G. L. c. 107, § 75), nor any agreement or understanding between the plaintiff and the defendant which would relieve the defendant from liability as an indorser. The knowledge on the part of the plaintiff that the defendant was an accommodation indorser would not affect its rights to recover on the notes as a holder in due course. *Kenworthy* v. *Sawyer, supra.* Before the evidence struck out was introduced, the defendant had saved exceptions to the exclusion of questions asking for conversations between the defendant and the plaintiff's treasurer. No offer of proof was made, and it does not appear that the defendant was prejudiced by the rulings on these questions. The plaintiff, being a holder in due course, is not concerned with defences available to prior parties to the instrument among themselves. G. L. c. 107, § 80. The ruling directing the jury to return a verdict for the plaintiff was right. Questions not argued are treated as waived.

*Exceptions overruled.*