*Western District*

## ARMAND A. KORZENIK
### and
## GERALD C. McLAUGHLIN
### d/b/a
## KORZENIK AND McLAUGHLIN
### v.
## SUPREME RADIO, INC.

Argued: Feb. 11, 1963 — Decided: March 16, 1963

*Present*: Levine, J. & Allen, J.

Case tried to *Garvey, J.* in the District Court of Western Hampden. No. 1336.

*(This opinion has been abridged)*

*Levine, J.* This is an action of contract to recover $1900.00 representing the value of two trade acceptances made by the defendant and endorsed to the plaintiffs by Southern New England Distributing Corporation, the payee named in the trade acceptances. Count 1 alleges that the defendant, by its note dated October 16, 1961 in the form of a trade acceptance, promised to pay to the order of the Southern New England Distributing Corporation the sum of $950.00 on November 1, 1961 for value received, which note was endorsed to the plaintiffs on or before Novem-

ber 1, 1961 for a valuable consideration; that they hold the note as holders in due course and that the note has not been paid. Count 2 alleges the same facts on another note in the form of a trade acceptance payable on December 1, 1961.

The answer consists of an admission to the signing of the two notes, a general denial and special answers setting forth fraud, no consideration and failure of consideration.

The plaintiffs made the following Requests for rulings:

1. Evidence warrants a finding for the plaintiffs.

2. Trade acceptances are considered bills of exchange. *Pierce, Butler and Pierce Mfg. Corp. v. Daniel Russell Boiler Works,* 262 Mass. 242.

3. Plaintiffs are holders in due course.

4. A holder in due course is a holder who takes the instrument (a) for value; and (b) in good faith; and (c) without notice that it is overdue or has been dishonored or of any defense against or claim to it on the part of any person. Mass. G. L. c. 106, §3-302.

5. Rights of a Holder in Due Course. To the extent that a holder is a holder in due course he takes the instrument free from (1) all claims to it on the part of any person; and (2) all defenses of any party to the instrument with whom the holder has not dealt except (a) incapacity, duress, or illegality of the transaction, as renders the obligation a nullity; and (b) misrepresentation as has induced the party to sign the instrument with

neither knowledge nor reasonable opportunity to obtain knowledge of its character or its essential terms. Mass. G. L. c. 106, §3-305.

6. Defendant's signature was not obtained by misrepresentation on the part of the payee of the notes.

7. Holder of notes in due course is not concerned with defenses among prior parties. *Everett Trust Co. v. Morris*, 262 Mass. 422.

8. In action on a note against maker, brought by holder in due course, issue of fraud was immaterial. *Bevarnich v. Davis*, 235 Mass. 195; *White v. Dodge*, 187 Mass. 449.

9. Failure of consideration is defense as between maker and payee, but not against bona fide holder. *Goodwin v. Morse*, 50 Mass. 278.

10. Due Course holder is not estopped by payment to payee. *Spfld. Nat. Bank v. Jeffers*, 266 Mass. 248.

11. Absence of consideration not defense if plaintiff is holder in due course. *Banca Italiana Di Sconto v. Columbia Counter Co.*, 252 Mass. 552.

12. A holder of a negotiable note in good faith and for value, without notice, can recover notwithstanding, he took it under circumstances which ought to arise the suspicion of a prudent man. To destroy such holders title, it must be shown that he did not take the note in good faith. *Ex Parte Estabrook* (DC 1877) Fed. Cas. No. 4534.

13. Neither knowledge or suspicious circumstances, nor doubts as to genuineness of title, nor gross negligence on part of taker, are sufficient to defeat recovery of holder of negotiable instrument,

unless amounting to proof of want of good faith. *Macklin v. Macklin,* 315 Mass. 451.

14. Due course holder need not give notice to maker of transfer of negotiable note. *Spfld. Nat. Bank v. Jeffers,* 266 Mass. 248.

15. That one of the makers of a note signed second note as maker, which was presumably delivered, did not warrant a finding that those who negotiated for the execution of the second note were authorized by the maker of the original note to make a binding agreement with the holder for extension of time of payment thereof as to relieve endorser from liability. *Palumbo v. DiMare,* 299 Mass. 212.

The court disposed of plaintiffs' requests for rulings of law as follows:

Requests numbered 1, 3, 6, 9, 10, 11, 12, 13, 14 and 15 were denied. Requests numbered 2, 4, 5, 7 and 8 were granted.

The court warrantably found the following facts:

"1. The plaintiffs, Armand A. Korzenik and Gerald C. McLaughlin, (Korzenik), law partners with offices in Hartford, Connecticut, claim the defendant is indebted to them on notes, in the form of trade acceptances, dated October 16, 1961, each in the amount of $950.00, the first payable on November 1, 1961 and the second payable on December 1, 1961. The defendant, Supreme Radio, Inc. (Supreme) is engaged in the business of the retail sale of TVs, radios and electrical appliances in West-

field. In February or March 1961, Supreme entered into an agreement with the Southern New England Distributing Corp., (Southern) sales agent for the manufacturer, in connection with a "sales promotion", for the purchase of Admiral TVs.

2. On October 16, 1961, to close the promotion, which had not been successful, Supreme agreed to purchase certain TVs it had in its possession, legal title to which was in Admiral Credit Corporation (Admiral). On this date, as a result of fraudulent representations made to Supreme by an agent of Southern, Supreme was induced to execute four notes payable to Southern. Two of these notes are the subject of this litigation.

3. On October 17th or 18th, a representative of Admiral, on being told by Supreme what it had done, advised Supreme that Southern had no right to demand or accept these notes; that title to the TV sets was in Admiral.

4. Supreme immediately called Southern at its principal office in Connecticut, and being unable to contact any official of this company, notified the person with whom it talked, that it was notifying its bank to stop payment on these notes. On October 31, 1961, the day before the first note became due, Southern endorsed the four trade acceptances to Korzenik. When the note due November 1 was presented to Supreme's bank for collection, payment was refused,

Supreme having notified its bank to stop payment. Payment was likewise refused when the note due December 1 was presented to Supreme's bank.

5. Korzenik asserts that he is a holder in due course and the fact that these notes were obtained by Southern by fraud, pleaded by Supreme, admitted by the parties, and found by me, is not good against him.

6. Korzenik, at the time these notes were endorsed to him, had been retained as counsel by Southern in connection with three or four actions at law between Southern and Admiral and affiliated corporations. The principal undertaking of Korzenik was to institute an anti-trust action against Admiral and its affiliated corporations on behalf of Southern. He had been retained for this purpose October 29th. Between October 25 and October 31, the date on which he received these notes, Korzenik did some legal work in connection with these actions, particularly with the proposed anti-trust action. There was no testimony as to the value of Korzenik's services between October 26 and October 31, and I am unable to determine the value of such services.

7. On October 31 in addition to these notes, Southern also transferred to Korzenik other notes from its customers, the total face amount being approximately $15,000.00. All of these notes were given to him as a

retainer for services to be performed by him. Korzenik did not know that the notes in issue here were obtained by fraud. He has paid co-counsel retained in the anti-trust case part of the money he has collected on these notes.

8. While there have been a number of decisions holding in similar circumstances that Korzenik would be a holder in due course for value as defined by G. L. c. 106, §3-302, there is no decision, that I can find, in which the holder in due course is the attorney for the party committing the fraud. Our Supreme Judicial Court frowns upon commercial transactions between attorney and client, and are to be "discouraged by policy of law".

9. Korzenik made no inquiry as to the validity of these notes when they were endorsed to him. In the absence of a controlling decision, I rule that because of the relationship of client and attorney that existed between him and Southern on October 31, 1961, he is charged with the knowledge of his client, and Supreme can validly assert its claim of fraud by Southern against him. That a holder in due course can be of "pure heart and empty head" does not apply to these facts.

10. I also find and rule, on the above facts, that Korzenik is not a holder "for value" as defined by G. L. c. 106, §3-303.

11. In a companion case a finding will be made that Supreme is liable to Admiral

on the debt created by the purchase of these TVs.

I find for the defendant."

The plaintiffs claim to be aggrieved by the court's denial of their requests numbered 1, 3, 6, 9, 11, 12, 13 and 14 and the court's general finding for the defendant inconsistent with these rulings it saw fit to grant, specifically requests numbered 7 and 8.

*THE SOLE ISSUE IS WHETHER OR NOT THE PLAINTIFFS ARE HOLDERS IN DUE COURSE.*

Our law states that "a holder in due course is a holder who takes the instrument

    (a)   for value; and

    (b)   in good faith; and

    (c)   without notice that it is overdue or has been dishonored or of any defense against or claim to it on the part of any person."

             Mass. G. L. c. 106, §3-302

Value is defined in Mass. G. L. c. 106, §3-303 as follows:

"A holder takes the instrument for value

    (a)   to the extent that the agreed consideration has been performed or that he acquires a security interest in or a lien on the instrument otherwise than by legal process; or

    (b)   when he takes the instrument in payment of or as security for an antecedent claim against any person whether or not the claim is due; or

    (c)   when he gives a negotiable instrument

for it or makes an irrevocable commitment to a third person."

The evidence reported discloses that subsections 3-303 (b) and (c) have no application to the question at bar. We are here concerned with subsection 3-303 (a). The plaintiffs have not satisfied the provisions of the latter subsection as the agreed consideration has not been performed and although the trial judge found that some legal work had been done by the plaintiffs between October 25 and October 31, there was no testimony introduced by them as to the value of the services, therefore, the judge was unable to determine the value thereof.

The judge found that all the conditions necessary to make the plaintiffs a holder in due course were not present and we cannot disturb his finding. We find that a review of the evidence as recited in the report shows that it was sufficient to support the findings of fact made by the trial judge. It is well settled that findings of fact must stand if there was evidence to support them. *Caton v. Winslow Bros. & Smith Co.,* 309 Mass. 150; *Cozze v. Atlantic Refining Co.,* 299 Mass. 260.

We find no prejudicial error in the finding for the defendant or in the denial of the rulings requested by the plaintiffs and therefore, *the report is ordered dismissed.*

Leonard R. Skvirsky, of Springfield, for the Plaintiffs.

David A. Berndt, of Westfield, for the Defendant.