JOSEPH P. ROBY & another *vs.* JENNIE M. PHELON.

Worcester. October 5. — 22, 1875. WELLS & AMES, JJ., absent.

A married woman is not liable upon a promissory note made by her payable to her husband's order and by him indorsed to the plaintiff.

CONTRACT upon the following promissory note signed by the defendant and indorsed by John M. Phelon : "Worcester, January 18, 1873. Four months after date, I promise to pay to the order of John M. Phelon four hundred and eighty-four dollars, at Central National Bank, value received."

At the trial in the Superior Court, before *Dewey*, J., the plaintiffs offered evidence that Jennie M. Phelon was indebted, at the time of the making of the note, to the plaintiffs in the sum of $484 for work and materials furnished to her in erecting a house on her land ; that John M. Phelon acted as her agent in procuring said work and materials ; that the note was signed by the defendant, and indorsed by John M. Phelon ; that it was procured and delivered to the plaintiffs by him, indorsed in blank, while he was acting as the agent of Jennie M. Phelon, in paying for said work and materials ; and that this was done for the pur-

pose of paying this bill. It was admitted that John M. Phelon was the husband of the defendant.

The judge ruled that upon these facts the plaintiffs could not maintain this action, and ordered a verdict for the defendant; and to this ruling the plaintiffs alleged exceptions.

*F. T. Blackmer*, for the plaintiffs.

*C. A. Merrill*, for the defendant.

GRAY, C. J. This action is against a married woman upon a promissory note made by her payable to her husband's order, and by him indorsed to the plaintiffs.

It was argued that, being made payable to his order, it was not a complete promissory note until indorsed by him. That would be true of a note payable to the maker's own order. *Wood* v. *Mytton*, 10 Q. B. 805. *Brown* v. *De Winton*, 6 C. B. 336. *Pitcher* v. *Barrows*, 17 Pick. 361, 363. *Little* v. *Rogers*, 1 Met. 108. But it has long been settled that a bill or note of another person, payable to a man's order, is payable immediately to him. *Anon.* Comb. 401. *Fisher* v. *Pomfret*, 12 Mod. 125; *S. C.* Carth. 403. ——— v. *Ormston*, 10 Mod. 286. *Huling* v. *Hugg*, 1 W. & S. 418.

The husband and wife being incompetent to contract with each other, the note made by her to him was, as between them, wholly void, and his indorsement of it to the plaintiffs could not make it binding upon her, although it might estop him to deny its validity in an action against him by the indorsees. *Haly* v. *Lane*, 2 Atk. 181. *Ingham* v. *White*, 4 Allen, 412. *Turner* v. *Nye*, 7 Allen, 176. *Gay* v. *Kingsley*, 11 Allen, 345. *Chapman* v. *Kellogg*, 102 Mass. 246.

The case of *Slawson* v. *Loring*, 5 Allen, 340, on which the plaintiffs principally rely, was of a bill drawn by a third person, payable to the husband, and indorsed by him to his wife, and by her by his direction to another person for the convenience of the plaintiff, who, knowing all the facts, took the draft from the husband himself, and was allowed to maintain an action upon it against the acceptor. Unless the decision can be supported upon the ground that the wife acted only as the husband's agent and as a mere conduit for passing the title to the indorsee, (as suggested in *Gay* v. *Kingsley*, above cited,) and thus stand as if the name of the wife as indorsee and indorser had been stricken out

by the husband before he delivered the bill, leaving it indorsed by him to the subsequent indorsee, it is inconsistent with the earlier and the later decisions of this court.

*Exceptions overruled.*