BERNARD CLARK *vs.* CHARLES R. BROWN & another.

Suffolk.     March 31. — April 3, 1876.     DEVENS & LORD, JJ., absent.

In an action for injuries sustained by the plaintiff in falling through a scuttle in the defendant's store, the evidence was conflicting on the point whether the plaintiff had any cause of action against the defendant. The defendant, against the objection of the plaintiff, was permitted to introduce evidence that the plaintiff was in poor credit with the defendant; that at the time of the injury he was indebted to him about $2000; that after the injury, and before the action was brought, the plaintiff made various purchases of the defendant, one of which was on credit; that he had dunned the plaintiff, threatened suit for the amount due, and had been

unable to collect it; and that during these transactions the plaintiff never made any claim such as he sought to enforce in this action. *Held,* that this evidence was competent, as bearing on the question, whether the previous conduct of·the plaintiff had been consistent with his present claim.

TORT against Charles R. Brown and John J. Hayes, for injuries sustained by the plaintiff in falling through an open, unguarded scuttle on the first floor of the defendants' store. Trial in the Superior Court, before *Brigham,* C. J., who allowed a bill of exceptions in substance as follows :

The plaintiff's evidence tended to show that at the time alleged he went to the defendants' store, where he had been accustomed to buy goods, to purchase some liquors ; that upon entering the first floor of the store he met the defendant Hayes, and told him he wanted two barrels of whiskey and two of gin, and that he wanted to take one barrel of gin with him then to deliver to a customer, and that he would call for the other barrels later ; that Hayes then told him the gin was in the back part of the store, and pointed in that direction, and told the delivery clerk, who was the gauger, to get it for him ; that the clerk walked towards the back of the store to get the gin, the plaintiff following him to see it gauged and to assist in getting it, and, while thus following the clerk, the plaintiff fell through the open scuttle and received the alleged injuries ; that the scuttle was situated on the first floor, forty feet back from the front door, and was in a manner shielded from the light from the front by a cigar office and gauger's office which intervened, and the store extended some eighty feet in the rear of the scuttle, in an oblique direction ; that the day was cloudy and dark, and there was no gas light or other artificial light to disclose the scuttle, and no guard to protect it, and he received no warning from the defendants or their employees that it was open, and did not see it or know it until he fell to the cellar below. The plaintiff's testimony further tended to show that said first floor was used for the reception and delivery of goods, and the defendants sometimes sold and sampled goods there, though they usually sold by samples on the floor above, where they had their office and sample room ; that ordinarily the elevator was kept on a level with the floor, thus filling the scuttle ; and, when the elevator was in use, a gas light was kept burning in the scuttle to disclose it.

The defendant Hayes denied meeting the plaintiff on the first floor of said store, and having the conversation testified to by the plaintiff and his witnesses, before the injury, and denied seeing the plaintiff on the day of the injury until after the fall; and the defendants offered testimony tending to show that the first floor was used for receiving and the delivery of goods only, and that all sales and sampling of goods were made in the sample office on the floor above, and that customers had no right to walk upon the first floor, back as far as the scuttle was situated; but the defendants' delivery clerk admitted, on cross-examination, that he had sometimes seen customers sampling liquors on said first floor, back of the scuttle, and that he had seen one customer with one of the defendants, on the morning of the accident, and before it happened, thus sampling liquors in the rear of the scuttle. The defendants contended that the plaintiff had no right to go where the scuttle was, and that he did not exercise due care.

The defendants were also permitted, against the objection and exception of the plaintiff, to offer evidence tending to show that the plaintiff was in poor credit with the defendants; that at the time of the injury he was indebted to them for liquors, and that after the injury, and before the action was brought, he made at the store various purchases of the defendants, the dates and amounts of which were given, one of which was on credit, and that the amount of his indebtedness at the time of the injury was about two thousand dollars; that they had dunned him repeatedly, and threatened suit for this amount, and had been unable to collect it. In this connection, the defendants were also permitted to put in evidence that during these transactions the plaintiff never made any claim such as he seeks to enforce in this action. All the foregoing evidence was denied by the plaintiff. The defendants' counsel argued to the jury that the plaintiff was ashamed to plead the liquor defence to the defendants' claim for liquors sold him, and that the sole object of this suit was to obtain a judgment which he could set off against his indebtedness to the defendants for liquors.

The jury found for the defendants; and the plaintiff alleged exceptions to the admission of the above testimony.

*J. W. Keith*, for the plaintiff.

*J. Fox*, for the defendants, was not called upon.

BY THE COURT. The evidence of the relations and transactions between the parties was competent, as bearing upon the question whether the previous conduct of the plaintiff had been consistent with his present claim, and thus tending to show that he had no cause of action against the defendants.

*Exceptions overruled.*