## ABRAHAM TROEDER *vs.* SOLOMON M. HYAMS.

Suffolk. March 3, 1891. — May 19, 1891.

Present: FIELD, C. J., HOLMES, KNOWLTON, MORTON, & LATHROP, JJ.

*Attested Promissory Note — Motion to dismiss — Indorsement — Secondary Evidence — Instructions to Jury — Exceptions — New Trial.*

In an action upon a promissory note brought by the holder in the name of the payee, a motion by the defendant to dismiss the action, after the case was called for trial and before the jury were impanelled, on the ground that it was not authorized by the nominal plaintiff, was *held* to be filed too late.

After proof that an attesting witness to a promissory note when last seen was practising his profession in another State, coupled with a return of *non est inventus* upon a subpœna by a constable of the city where he lived before leaving this Commonwealth, secondary evidence may be introduced that the signature is his.

At the trial of an action it was agreed that the defendant had been, as the plaintiff knew, in a certain place for a number of years. Evidence was offered by the defendant, and excluded, that he had been in business there during that time, as bearing on the likelihood that if the plaintiff had a valid claim against him he would have asserted it before. *Held,* that the defendant had no ground of exception.

In an action on a promissory note brought by the holder in the name of the payee, an instruction, requested by the defendant, as to what would be necessary to hold him if the note was made to the payee as a mere conduit, upon a consideration moving from the holder, was *held* to be rendered contradictory and superfluous by a finding of the jury, under instructions also given at the defendant's request, that the note was made to the payee upon a consideration moving from him, and was afterwards transferred for value to the holder.

The purchaser for value of an attested promissory note without indorsement has a right to sue thereon in the payee's name, whether the latter consents or not, at any time within twenty years, and his rights are not diminished by taking an indorsement after the suit is begun.

No exception lies to the refusal to give instructions to the jury which are covered by those already given, or which single out particular evidence for comment in a way which a party is not entitled to require the judge to do.

In an action on a promissory note, the plaintiff, to show the relations of the parties, put in evidence that the defendant had borrowed money of him on several occasions and had given notes. The defendant testified that he delivered certain tobacco and cigars in part payment. This the plaintiff denied, as well as that he had purchased any tobacco of the defendant. On a motion for a new trial on the ground of newly discovered evidence, the evidence was that the plaintiff had made sworn returns to the government of purchases of tobacco from the defendant at the time in question. *Held,* that the whole matter was collateral to the issue in the case, and that, if the evidence was not merely cumulative, still it could not be said that the judge exceeded his discretion in refusing a new trial.

CONTRACT upon an attested promissory note, dated February 1, 1872, payable one month after date to the order of the plaintiff, and signed by the defendant. Writ dated December 12, 1887. At the trial in the Superior Court, before *Barker,* J., the jury returned a verdict for the plaintiff; and the defendant alleged exceptions, which were allowed, and filed a motion for a new trial, which was overruled. The facts appear in the opinion.

*M. Fischacher,* for the defendant.

*E. C. Bumpus & P. R. Blackmur,* for the plaintiff.

HOLMES, J. This is an action upon a witnessed promissory note, brought in the name of the payee by the holder, one Henry M. Hyams. The plaintiff Hyams's case was, that the

note was given originally to Troeder, the payee, for a consideration moving from Troeder, and that it was transferred to the plaintiff Hyams for value, about a month after its execution. Under the instructions given to the jury, they must have found these to be the facts. The note seems not to have been indorsed by Troeder until after this action was brought.

1. The first question is raised by a motion to dismiss the action, founded on an affidavit by the defendant that it was not authorized by Troeder, the nominal plaintiff. An earlier affidavit by Troeder also alleged that he never gave any consideration for the note, and never owned it, but admitted his indorsement. Whether this earlier affidavit was referred to by the motion in question is doubtful at least, and is not very important. The motion was presented after the cause was called for trial, before the impanelling of the jury, and was overruled on the ground that it was presented too late.

If Hyams had a right to use Troeder's name, and Troeder had attempted to embarrass his recovery by a release, or in some other way which would present a defence as between the parties to the record, but which would be inequitable as against the real plaintiff, a court of law could and would investigate the matter, although technically it could not be tried upon the record, and either would order the plea to be taken off the files ; *Innell* v. *Newman,* 4 B. & Ald. 419 ; *Hickey* v. *Burt,* 7 Taunt. 48 ; *Martin* v. *Tapley,* 119 Mass. 116, 117 ; or would protect the plaintiff in some less formal way. *Jones* v. *Witter,* 13 Mass. 304. *Hart* v. *Western Railroad,* 13 Met. 99, 108. *Merrill* v. *New England Ins. Co.* 103 Mass. 245, 251. On the other hand, if Troeder had discovered that his name was being used without right, it may be that he would have been entitled to object to it at any stage when he discovered the fact. See *Mosher* v. *Allen,* 16 Mass. 451. But in the present case it was neither the beneficial nor the nominal plaintiff who moved the court, but the defendant. If a defendant desires to deny the authority of the attorney of record to bring the suit, he is required by the rules of the Superior Court to take the objection at the first stage. Common Law Rules of Superior Court, Rule XI. It is said that matter such as was relied on here, "unless it arises *puis darrein continuance,* cannot avail a defendant after he has

pleaded in chief." *Nelson* v. *Thompson*, 7 Cush. 502. When, as is not the case here, the defendant's equities require the court to look behind the nominal plaintiff, no doubt they will do so in his favor, as well as on behalf of the beneficial plaintiff. *Clark* v. *Parker*, 4 Cush. 361. *Pitts* v. *Holmes*, 10 Cush. 92, 96, 98. See *New England Dredging Co.* v. *Rockport Granite Co.* 149 Mass. 381, 384, *ad fin.*

Again, Troeder's denial that he had authorized the suit, even if conclusive of the fact, was not conclusive against the right of Henry Hyams to maintain it in Troeder's name, as we shall show in another connection. The other facts alleged in Troeder's first affidavit went to the merits of the case, and were passed upon by the jury in finding for the plaintiff. Therefore the defendant lost nothing by the refusal to entertain his motion.

2. The next two exceptions are upon questions of evidence. Proof that the attesting witness to the note when last seen was practising law in California, coupled with a return *non est inventus* upon a subpœna by a constable of Boston, in which city the witness had lived before he went to California, was sufficient to let in secondary evidence that the signature was his. *Gelott* v. *Goodspeed*, 8 Cush. 411. *Valentine* v. *Piper*, 22 Pick. 85, 90.

3. Evidence was offered by the defendant, but excluded, that for the last ten years he had been in business for himself as a merchant in Boston, first with a partner, then for the greater part of the time without a partner, as bearing on the likelihood that if the plaintiff Hyams had a valid claim against the defendant he would have asserted it before. We understand that there was no dispute that the defendant was in Boston, and was known by the plaintiff to be in Boston. *Clark* v. *Brown*, 120 Mass. 206. Thus limited, the defendant's offer was immaterial. It added nothing to what was established. The fact that the defendant was in business did not amount to evidence that he was well to do, or exclude the suggestion that the plaintiff had not sued because he did not think he could get anything by doing so. Moreover, evidence of the actual and reputed wealth of the defendant has been held inadmissible for purposes similar in principle to those for which this evidence was offered, on the ground that the defendant's ability to pay when called upon may have

furnished the very reason which induced the plaintiff not to proceed. *Hilton* v. *Scarborough*, 5 Gray, 422. *Veazie* v. *Hosmer*, 11 Gray, 396. *Atwood* v. *Scott*, 99 Mass. 177.

4. Next, as to the instructions requested by the defendant, and refused. Under the instructions given at his request, as was stated at the outset, the jury must have found that the note was made to Troeder upon a consideration moving from him, and that it was transferred afterwards for value to the plaintiff Hyams. Consequently it would have been contradictory and superfluous to give instructions as to what would be necessary in order to hold the defendant if the note was made to Troeder as a mere conduit pipe, upon a consideration moving from the plaintiff Hyams to the defendant, as asked in the fifth request.

Upon the facts found, it was not necessary that Troeder should have indorsed the note before this action was brought, as suggested in the first request, or that he should have consented to its being brought, as suggested in the sixth request. If the plaintiff Hyams purchased the note without an indorsement, he had a right to sue in Troeder's name, whether Troeder consented or not. *Walker* v. *Brooks*, 125 Mass. 241, 247, 248. Moreover, he had a right to sue at any time within twenty years. *Rockwood* v. *Brown*, 1 Gray, 261. The only question suggested by the facts, which is not covered by these decisions, is whether the plaintiff Hyams's rights were diminished by taking an indorsement after this suit was begun. See *Mosher* v. *Allen*, 16 Mass. 451. This question was not raised by the defendant; but we may say that we see no reason for holding that the indorsement in any way bettered the defendant's case as it stood at the trial. *Hodges* v. *Holland*, 19 Pick. 43, 44. *Sigourney* v. *Severy*, 4 Cush. 176. *Drury* v. *Vannevar*, 5 Cush. 442, 444. His original equities, if any, are preserved by the statute, which only removes the six years' bar if the action is brought by the payee or by his executor or administrator. Pub. Sts. c. 197, § 6.

There is nothing else in the requests which were refused calling for particular remark. They either were covered by the instructions given, or singled out particular evidence for comment in a way which a party is not entitled to require the judge to do.

5. A motion for a new trial was filed on the ground of newly

discovered evidence.  If we are to take the facts stated in the motion as true, although they are not stated in the bill of exceptions, and therefore are not certified by the judge, the plaintiff Hyams, to show the relations of the parties, put in evidence that the defendant had borrowed money of him on several occasions, and had given notes.  The defendant testified that he delivered certain tobacco and some cigars in part payment.  This the plaintiff denied, and denied that he had purchased any tobacco of the defendant.  The newly discovered evidence was that the plaintiff Hyams had made to the Internal Revenue Department sworn returns of purchases of tobacco from the defendant at the time in question.  The whole matter was collateral to the issue in the cause; and if the evidence was not merely cumulative, (*Parker* v. *Hardy,* 24 Pick. 246), still we cannot say that the judge exceeded the limits of his discretion in refusing a new trial.  *Behan* v. *Williams,* 123 Mass. 366.

*Exceptions overruled.*