EDWARD A. FOSTER *vs.* ANNA F. LEACH & another.

Middlesex.   November 24, 1893. — January 9, 1894.

Present: FIELD, C. J., ALLEN, HOLMES, MORTON, & BARKER, JJ.

*Declaration against two Indorsers in one Count — Demurrer — Averment to be taken distributively — Liability of Husband and Wife as Indorsers — Consideration of Promissory Note.*

Where a declaration against two indorsers in blank of a promissory note contains but one count, the objection that a separate count was required for each, if valid, can only be taken by demurrer.

If a declaration against two indorsers in blank of a promissory note alleges separate indorsements by the two defendants, the concluding averment that they owe the plaintiff the amount of said note is not to be construed as alleging a joint liability, but may be taken distributively.

A holder for value may take a valid title to a promissory note, although the two indorsers in blank are husband and wife, and although the declaration avers that the husband indorsed the note to his wife, if it appears that she never owned it, and that she indorsed it merely for the purpose of adding her responsibility to the holder, or of making a merely formal transfer of title through herself.

Taking a promissory note indorsed in blank by husband and wife on the strength of the wife's indorsement furnishes a sufficient consideration as against her.

CONTRACT, on a promissory note made by the Nantucket Electric Light Company to the order of Hosea W. Leach, and by him indorsed to his wife, Anna F. Leach, who indorsed it to the plaintiff.

At the trial in the Superior Court before *Hammond*, J., the jury returned a verdict against each defendant; and the defendants alleged exceptions.   The facts appear in the opinion.

*W. C. Cogswell*, for the defendants.

*H. W. B. Cotton*, for the plaintiff.

ALLEN, J.   1. The defendants' first objection was "that the plaintiff could not maintain his action upon the declaration, as it did not set out any joint promise of the defendants"; in other words, that a separate count was required for each defendant. This objection, if valid, (which we do not decide,) could only be taken by demurrer seasonably filed.   Pub. Sts. c. 167, §§ 11, 12. Rule 14 of Superior Court.   *Downs* v. *Hawley*, 112 Mass. 237.

2. The second objection was that the declaration alleged a joint liability of the defendants, and that it appeared on inspec-

tion of the note that their contracts were several, and that therefore the note did not support the declaration, and was incompetent. The declaration, however, alleges separate contracts of indorsement by the two defendants, and the concluding averment that they " owe the plaintiff the amount of said note " may be taken distributively. Those words merely show a legal conclusion from what has gone before, and are not to be taken as setting forth a joint contract. *Hawes* v. *Ryder*, 100 Mass. 216. *Oliver* v. *Colonial Gold Co.* 11 Allen, 283.

3. The next objection was taken by the defendant Hosea W. Leach, who asked the court to rule that, upon the evidence, the plaintiff could not recover against him on the declaration, and in support of this request he contended that under the declaration he was in the same legal position as that of the maker of a note payable to the order of his wife. and by her indorsed to the plaintiff. The averment of the declaration is, that " said H. W. Leach indorsed the same to A. F. Leach, and said A. F. Leach indorsed the same to the plaintiff." The argument is, that, as Hosea W. Leach and Anna F. Leach were husband and wife, the indorsement was void, and the plaintiff's title invalid. There is no doubt of the general rule that a husband cannot make a good note to his wife, or indorse one to her for the purpose of giving her a title to it. *Clark* v. *Patterson*, 158 Mass. 388. But it was held in *Slawson* v. *Loring*, 5 Allen, 340, that where the names of a husband and wife appeared as successive indorsers, and it was shown that her indorsement was with his assent and under his direction, the indorsee took a good title. The authority of that decision has not been overthrown, though it has been limited to the special facts which there appeared. *Gay* v. *Kingsley*, 11 Allen, 345. *Roby* v. *Phelon*, 118 Mass. 541. In the present case, the question arises in consequence of the form of the declaration, which avers an indorsement by the husband to the wife. The copy of the note annexed to the declaration shows that his indorsement was in blank. If the averment had been that each defendant indorsed the note to the plaintiff, or indorsed it in blank, the objection taken would not be open; 2 Chit. Pl. (16th Am. ed.) 75, note; Byles on Bills, (Wood's ed.) 156; and this averment would more nearly correspond to the facts as proved. An amendment to that effect might have been allowed,

or might be allowed now. But we think it unnecessary. She never owned the note. Her participation in the transaction was for the purpose of adding her name as an indorser, which might be done; *Binney* v. *Globe National Bank*, 150 Mass. 574; and perhaps for the purpose of making a merely formal transfer of the title through her, which might also be done. *Slawson* v. *Loring, ubi supra.* The court was not bound to rule that the plaintiff could not recover against the husband, upon all the evidence, and upon the declaration as it stood.

4. The last objection was taken by the defendant Anna F. Leach, who asked a ruling that, upon all the evidence, a verdict should be rendered in her favor, and also that there was no sufficient evidence of consideration to bind her. These rulings were rightly refused. The evidence of consideration was ample.* *Binney* v. *Globe National Bank*, 150 Mass. 574. The objection taken by her husband was not open to her, she being the last indorser. *Kenworthy* v. *Sawyer*, 125 Mass. 28. *Prescott National Bank* v. *Butler*, 157 Mass. 548.

*Exceptions overruled.*

---

* The note was discounted, and Leach received the proceeds from the plaintiff, who testified that he never had agreed to give Leach the money, and was not bound to do so, and never became bound to do so until after Mrs. Leach had put her name on the note. The judge instructed the jury, " If you find that to be so, and that Mrs. Leach did put her name on the note for the purpose of inducing the plaintiff to hand the husband the money, and the plaintiff relied upon her name to let the husband have the money when he would not otherwise have done it, then there is a consideration, and that would hold the wife liable."