CHARLES U. COTTING & another, executors, *vs.* JOHN
FOSTER.

Suffolk.    November 14, 1900. — May 21, 1901.

Present: HOLMES, C. J., KNOWLTON, BARKER, HAMMOND, & LORING, JJ.

An action on a negotiable promissory note indorsed to another by the payee must
be brought by the indorsee in his own name and not in the name of the payee,
at any rate not without his consent.

If an indorsement on a promissory note conveys only a right to collect a part of it,
it can operate only as an assignment of such part, and the assignee cannot main-
tain an action at law either for the part or the whole in his own name, nor in
the name of the assignor without his consent.

CONTRACT in the name of the executors of the will of John
Foster, late of Boston, on a promissory note, made by John Foster
of Manchester, New Hampshire, alleged to have been assigned
and transferred by John Foster, late of Boston, to George Foster
in trust for certain persons, for whose benefit the suit was alleged
to have been brought.    Writ dated May 4, 1899.

The note as set forth in the declaration was as follows:
" $2352.93/100.    Boston, January 1, 1880.    For value received
I promise to pay to the order of John Foster, of Boston, twenty-
three hundred fifty-two dollars 93/100 on demand, with interest.
John Foster." [of Manchester.]

The alleged assignment indorsed on the note was as follows:
" Pay, when able, three fourths of the within note and interest
to George Foster for the benefit, share and share alike, of his
sons George S., Charles E., and Herman, and whenever the
above payments shall *have been made in full* your liability on
the within-written promise shall cease.    John Foster." [of
Boston.]

The declaration further alleged, that John Foster of Boston
assigned and transferred the note to George Foster, in trust, by
the following letter: " Boston, April 6, 1880.    Dear Brother,
Enclosed herewith please find note of your son, John Foster,
dated January 1, 1880, on demand, and interest, for $2352.93,
twenty-three hundred fifty-two 93/100 dollars, which you will
please accept and hold for the purposes set forth in indorsement

on the same.   Yours affectionately, John Foster.   Mr. Geo. Foster, Manchester, N. H."

The defendant pleaded in abatement that the action was brought and prosecuted without the authority or consent of the nominal plaintiffs, and also without authority to represent the estate of George Foster, eighteen years before deceased.

The plaintiffs, executors of the will of John Foster, late of Boston, moved that the action be dismissed on the ground that it was brought and prosecuted without their authority or consent.

The Superior Court sustained the motion and dismissed the action, and the attorneys of record for the plaintiffs, "representing the estate beneficially interested in said suit," appealed from the order.

*O. Storer*, for the plaintiffs.

*A. S. Hall*, ( *C. H. Tyler* with him,) for the defendant.

HAMMOND, J.   This is an action upon a promissory note, brought in the names of the executors of the payee for the benefit of his estate and of the estate of George Foster, to whom the note had been delivered by the payee with a certain writing indorsed thereon.   In the court below the action was dismissed on the motion of the plaintiffs themselves, and the case is before us upon an appeal from the order of dismissal by certain attorneys representing themselves as " attorneys of record for the plaintiffs, and representing the estate beneficially interested in said suit." We construe this as an appeal by those beneficially interested in the suit, except the estate of John Foster, made through their attorneys.

The note is negotiable and the writing upon the back of it is in the form of a conditional indorsement.   If therefore the writing conveyed to George Foster the whole note and the right to collect the whole, then upon the fulfilment of the condition he was an indorsee, and the action should have been brought by the personal representatives of him as such, and cannot be maintained in the name of the personal representatives of the payee, at least against their objection.   *Mosher* v. *Allen*, 16 Mass. 451.   See also *Troeder* v. *Hyams*, 153 Mass. 536 ; Story, Notes, (7th ed.) § 149 ; *Robertson* v. *Kensington*, 4 Taunt. 30.

If, on the other hand, the writing conveyed to George only a part of the note and the right to collect only a part, then it can

operate only as an assignment of a part, and on well settled principles his representatives cannot maintain an action at law for that part in their own names, nor for the whole in their own names, or in the names of the representatives of the assignor without their consent.  See *Flint* v. *Flint,* 6 Allen, 34, and *James* v. *Newton,* 142 Mass. 366, and authorities therein cited. Upon either view of the writing, therefore, this action is not maintainable.

The cases of *Grover* v. *Grover,* 24 Pick. 261, and *Merrill* v. *New England Ins. Co.* 103 Mass. 245, cited by the appellants, are plainly distinguishable from this case.   In the first case there was a gift of the whole note without any indorsement thereon, and, in the second, the question was whether the pledgee, having been appointed here an ancillary administrator of the estate of the pledgor, could maintain as such administrator an action in this State upon the policy notwithstanding the principal administrator in Illinois had brought an action in that State upon the same policy and that action was still pending.  ·The policy was not negotiable.   And in the language of the court the interest of the pledgee was " not a mere order for a part of the proceeds, but " extended " to the whole policy alike."   103 Mass. p. 250.

*Order dismissing the action affirmed.*