NATIONAL BANK OF THE REPUBLIC *vs.* LIZZIE DELANO.

Suffolk.    March 7, 1904. — April 1, 1904.

Present: KNOWLTON, C. J., MORTON, HAMMOND, LORING, & BRALEY, JJ.

*Husband and Wife.    Bills and Notes.*

The signature of a married woman on the back of a promissory note payable to
her husband is absolutely void, whether written before or after delivery and
whether she signed as a joint maker or as an indorser or guarantor.

KNOWLTON, C. J.    The exceptions in this case relate to five
of the sixteen promissory notes on which the suit was brought.
These notes, bearing date November 13, 1897, were signed by
C. R. Delano, were payable to the order of George S. Delano,
and on the back of each appeared the following indorsements:
" Mrs. Lizzie Delano.    Pay only to order of the National Bank
of the Republic, Boston, Mass.    Geo. S. Delano."    The payee
and the defendant were husband and wife and the maker of the
notes was their son.    The notes were given by the son to the
father in payment for a three eighths interest in his business, in
connection with the formation of a partnership between them.*
According to the testimony of the defendant, she signed them
before they were signed by her son.    According to the testimony
of her husband, she brought them to him with his son's signature
upon them, and gave them to him while he was eating his din-
ner, and he put them into his pocket and kept them until the
meal was over, when he asked her to sign them and she imme-
diately affixed her signature.

The exception is to the direction of a verdict for the defend-
ant, on the ground that she was a joint maker of these notes
running to her husband, and that her contract was void.    If she
signed before the notes were delivered and took effect as binding
contracts, she was a joint maker under the law of Massachusetts
in force when the notes were made.    *Union Bank* v. *Willis*,
8 Met. 504.    *Bryant* v. *Eastman*, 7 Cush. 111.    *Pearson* v. *Stod-
dard*, 9 Gray, 199.    *Richardson* v. *Boynton*, 12 Allen, 138.    See

* Some of the facts in this case appeared in *National Bank of the Repub-
lic* v. *Delano*, 177 Mass. 362.

R. L. c. 73, § 81. The St. 1874, c. 404 (Pub. Sts. c. 77, § 15), which required demand and notice to hold parties signing in that way, still left their promise that of joint makers. *State Trust Co.* v. *Owen Paper Co.* 162 Mass. 156, 160. *Mulcare* v. *Welch,* 160 Mass. 58. *Legg* v. *Vinal,* 165 Mass. 555. *Brooks* v. *Stackpole,* 168 Mass. 537. A promissory note made by a husband to his wife or by a wife to her husband is absolutely void, and the same rule applies to a contract of indorsement and to any other contract purporting to create a liability upon a note. *Fowle* v. *Torrey,* 135 Mass. 87, 93. *Roby* v. *Phelon,* 118 Mass. 541. *Browning* v. *Carson,* 163 Mass. 255. *National Granite Co.* v. *Whicher,* 173 Mass. 517.

These principles are sufficient to sustain the ruling and dispose of the case, unless the evidence of the husband that he had the notes in his possession a short time before the defendant signed them makes a difference. If her signing was in pursuance of a previous agreement, she would be a joint maker, even though the notes had taken effect before she signed. *Hawkes* v. *Phillips,* 7 Gray, 284. *Moies* v. *Bird,* 11 Mass. 436. If she signed after the notes had taken effect, her contract, whether of guaranty or of whatever kind that purported to create a legal obligation, was still a contract with her husband, made upon notes held by him as owner, and it was void, as it would have been if she had signed as a maker or indorser. *Chapman* v. *Kellogg,* 102 Mass. 246. *Abbott* v. *Winchester,* 105 Mass. 115. In every possible aspect of the evidence, the contract of the defendant which appears upon the note was a contract with her husband, and was therefore void.

*Exceptions overruled.*

*C. H. Sprague,* for the plaintiff.
*J. B. Crawford,* for the defendant.