MIDDLEBOROUGH NATIONAL BANK *vs.* FLORENCE B. COLE.

Plymouth.    January 22, 1906. — March 5, 1906.

Present: KNOWLTON, C. J., MORTON, LATHROP, HAMMOND, & SHELDON, JJ.

*Husband and Wife.    Bills and Notes.*

Since the negotiable instruments act, as well as before, if a married woman signs as accommodation indorser the note of a partnership of which her husband is a member and the business manager payable to him and indorsed also by him, she is liable on her contract of indorsement to a bank to which her husband acting for the partnership negotiates the note.

CONTRACT against the indorser of a promissory note. Writ dated June 6, 1904.

In the Superior Court the case was submitted to *Harris,* J., upon an agreed statement of facts.

The note sued upon was as follows:

" $600.                    Middleboro, Mass., Jan. 12, 1904.

" Four months after date we promise to pay to the order of A. B. Cole Six hundred Dollars at the Middleborough National Bank.    Value received.

" Old Homestead Brooder Co.,

" A. B. Cole,

" Due May 12.                                        Treas."

[Indorsed upon face of note :]

" Protested for non-payment May 12, 1904.

" A. M. Wood,

Notary Public."

[Indorsements :]

" A. B. Cole

Florence B. Cole."

This note was given by the Old Homestead Brooder Company, a partnership composed of Lyman Brown and Alton B. Cole. Cole, who was the payee of the note, was the husband of the defendant and the business manager of the partnership under the title of treasurer. The note was given in renewal of an

original note in the same form which was given in September, 1903, for the purpose of raising funds for the partnership.

Just before the maturity of the original note Cole called at the bank and stated that they would like to renew it. The plaintiff's cashier made out the note in suit and handed it to Cole, who took it away and signed it " Old Homestead Brooder Company by A. B. Cole, treasurer," signed his name upon the back, procured the defendant's signature upon the back, and returned it to the bank, which cancelled and returned the original note and charged the discount on the renewal to the account of the Old Homestead Brooder Company.

Before the maturity of the note the Old Homestead Brooder Company, with Brown and Cole, made an assignment for the benefit of its creditors, to which the plaintiff assented with the reservation of its rights against the indorsers and other parties, and without the consent of the defendant. The note was not paid at maturity. Proper presentment and demand were made and notice of non-payment was sent to the defendant and Alton B. Cole and no payment by any person was made upon the note.

The judge found and ordered judgment for the plaintiff in the sum of $604.08 ; and the defendant appealed.

*N. Washburn,* for the defendant.

*G. W. Stetson,* for the plaintiff.

KNOWLTON, C. J.   The note in suit was made by a partnership, of which the defendant's husband was the business manager, and was payable to the order of her husband. He indorsed it while holding it for the partnership, and procured the indorsement of the defendant, his wife, under his own. He then negotiated it for the partnership to the plaintiff bank. The defendant thus became an accommodation indorser of the note, and by R. L. c. 73, §§ 82, 83, she warranted to the plaintiff, as a holder in due course, that the instrument was genuine, and in all respects what it purported to be ; that she had a good title to it ; that all prior parties had capacity to contract, and that the instrument was, at the time of her indorsement, valid and subsisting. This contract between her and the plaintiff was not affected by the fact that she was a married woman, for she might contract with others than her husband as if she were sole.

Before the enactment of the negotiable instruments act she would have been bound in the same way. As between her and a subsequent holder, it would have made no difference if the indorsement from her husband to her was void. A promissory note made by a husband to his wife is void, and cannot be enforced against the husband by any subsequent holder of it. *National Bank of Republic* v. *Delano*, 185 Mass. 424, and cases there cited. But if the wife indorses it to a holder in due course, she is bound by her contract of indorsement, and may be compelled to pay it. *Binney* v. *Globe National Bank*, 150 Mass. 574, 578. *Kenworthy* v. *Sawyer*, 125 Mass. 28. *Foster* v. *Leach*, 160 Mass. 418.

The case of *National Bank of Republic* v. *Delano*, above cited, contains nothing adverse to the plaintiff in this action. In that case the action was upon a contract made by a wife with her husband, as the payee and owner of a note which she indorsed for his benefit, which contract was void. In the present case the action is upon a contract made by a married woman with a third person, which is binding upon her.

*Judgment affirmed.*