OSCAR H. NELSON *vs.* FRED W. PIPER, trustee, EUGENE W. STONE, administrator, claimant.

Essex.    November 6, 1912. — January 31, 1913.

Present: RUGG, C. J., HAMMOND, BRALEY, SHELDON, & DE COURCY, JJ.

*Bills and Notes,* Indorsement, Rights of holder of equitable title. *Husband and Wife. Contract,* Implied in law. *Practice, Civil,* Interpleader.

Where the payee of a negotiable promissory note, given for a valuable consideration moving from a third person, indorses the note to the payee's wife and delivers it to the third person, the legal title to the note remains in the payee because the indorsement by the payee to his wife is void, but the third person becomes equitably entitled to the proceeds of the note and can enforce that right by an action in the name of the payee, even without his consent.

Where the payee of a promissory note delivers it to a third person for a valuable consideration but, by agreement with such third person, indorses it to the payee's wife, and thereafter the payee has no further interest in it and the third person holds it in good faith, such third person can maintain an action for money had and received against one to whom the maker of the note made a common law assignment for the benefit of his creditors and who admits that there is a dividend due to the person entitled to the proceeds of the note.

Where, in an action for money had and received, the defendant, acknowledging that he owes the money in question to the person entitled to the proceeds of a certain note, and averring that a person other than the plaintiff claims it, pays the money into court and under R. L. c. 173, § 37, causes such claimant to be made a party, the plaintiff, although he has no legal title to the proceeds of the note, can prevail if he is equitably entitled to such proceeds.

CONTRACT, with a declaration in two counts, the first count being for $231.78, money had and received by the defendant to the plaintiff's use, and the second count alleging that one Louis F. Barton made a promissory note payable to the order of H. N. Stone for $800; that H. N. Stone indorsed the note to Ella F. S.

Stone, and she indorsed it to the plaintiff; that Barton by a deed of trust conveyed all his real and personal property to the defendant in trust for the benefit of his creditors; that the plaintiff became a party to the assignment; that the dividends due the creditors under the assignment had been determined, that due to the plaintiff being $231.78; and that the plaintiff, although demanding his dividend, had been refused by the defendant. Writ in the Newburyport Police Court dated September 19, 1910.

Under the circumstances stated in the opinion, the defendant paid into court the amount in controversy and the administrator of the estate of H. N. Stone was made a party defendant as a claimant for the fund.

On appeal to the Superior Court the case was tried before *Raymond,* J.

The common law assignment of Stone to the defendant provided that "No creditor shall be deemed a party to this agreement or entitled to the benefits of its provisions who fails to assent in writing to the terms of the same within thirty days from this date" with certain exceptions not material.

Other material facts are stated in the opinion. At the close of the evidence the judge ordered a verdict for the claimant; and the plaintiff alleged exceptions.

*E. Foss,* for the plaintiff.

*E. E. Crawshaw,* for the claimant.

DE COURCY, J. The plaintiff, as holder of a promissory note made by one Barton, brought this action against the defendant Piper, who is trustee under a common law assignment made by Barton for the benefit of creditors, to recover the sum payable as a dividend on the note. It is to be noted that the action is not over the note itself. The trustee admitted his liability for the dividend, which he paid into court, but interpleaded the administrator of the payee named in the note, who had made claim for the money. Thereupon the administrator was admitted as a party, and the controversy proceeded between the plaintiff and the claimant. At the trial in the Superior Court the judge ruled that the plaintiff could not recover, and the correctness of that ruling is now before us.

It appeared in evidence that the payee, H. N. Stone, had deliv-

ered the note to the plaintiff, but by agreement between them he had indorsed it to his wife, Ella F. S. Stone. Clearly this indorsement did not transfer the legal title to her, but it remained in the husband, and after his death passed to the administrator of his estate, the present claimant. *National Bank of the Republic* v. *Delano,* 185 Mass. 424. *National Granite Bank* v. *Whicher,* 173 Mass. 517.

There was evidence, however, which would warrant a finding that the equitable title to the note is in the plaintiff, and that he is entitled to the dividend thereon. It appeared that the payee, H. N. Stone, gave the note to the plaintiff in payment for legal services, that the latter received and has retained the instrument in good faith, and that the indorsement was made to Mrs. Stone in order that the plaintiff should not appear as a creditor in the bankruptcy proceedings that he was about to institute against the maker Barton. Apparently at no time thereafter did Stone have any interest in the note or right to its possession as against the plaintiff. *Jones* v. *Witter,* 13 Mass. 304. *Crain* v. *Paine,* 4 Cush. 483. *Norton* v. *Piscataqua Fire & Marine Ins. Co.* 111 Mass. 532. On these facts the rights of the parties were the same as they would be if Stone had not written any indorsement upon the note; and the plaintiff might have sued thereon in the name of the administrator, with or without the latter's consent. *Boutelle* v. *Carpenter,* 182 Mass. 417. *Troeder* v. *Hyams,* 153 Mass. 536, 540.

The plaintiff's equitable title can be fully enforced under the pleadings in the case. If he was entitled in equity and good conscience to the dividend, he may recover the same under the count for money had and received. *Wiseman* v. *Lyman,* 7 Mass. 286. *Bouve* v. *Cottle,* 143 Mass. 310, 314. And now that the money is in the custody of the court under the statute, the rights of the plaintiff and the claimant are to be determined as in a suit of interpleader, and the one who has the equitable interest in the fund is entitled to prevail. R. L. c. 173, § 37. *Underwood* v. *Boston Five Cents Savings Bank,* 141 Mass. 305. *Dixon* v. *National Life Ins. Co.* 168 Mass. 48. *Brierly* v. *Equitable Aid Union,* 170 Mass. 218.

The fact that neither of these parties assented in writing to the Barton assignment becomes immaterial in consequence of the

trustee's position of stakeholder and his admission that he is liable for the dividend to either the plaintiff or the claimant.

As the court erred in directing a verdict for the claimant, the entry must be

*Exceptions sustained.*