PETER M. LEAVITT *vs.* ISIDORE WINTMAN.

Suffolk.   December 3, 1919. — December 8, 1919.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & PIERCE, JJ.

*Bills and Notes,* Indorser.   *Husband and Wife.*

At the trial of an action against the maker of a promissory note, it appeared that the note was made payable to the maker and was indorsed in blank by him and by two other persons who were husband and wife. There was evidence that, the plaintiff having asked for security for a debt owed to him by the husband, the note was delivered to the plaintiff after maturity by the wife, that the note originally had been delivered by the defendant, indorsed by him, in part payment for an automobile sold to him by the wife, and that the husband acted as the wife's agent in that transaction. The defendant asked for and the judge refused to give a ruling that "The indorsement of the notes by" the husband "to his wife . . . and by her indorsed and delivered to the plaintiff was void, and does not enable the plaintiff to sue on the notes in his own name." *Held,* that the refusal to give the ruling was right, because the evidence did not make necessary a finding that the plaintiff traced his title to the note through a contract of transfer of ownership between the husband and the wife.

CONTRACT upon ten promissory notes described in the opinion. Writ in the Municipal Court of the City of Boston dated September 11, 1918.

Upon removal to the Superior Court, the action was tried before *Keating,* J. The material evidence and a request of the defendant for a ruling are described in the opinion. There was a verdict for the plaintiff in the sum of $513.75; and the defendant alleged exceptions.

The case was submitted on briefs.

*W. I. Schell,* for the defendant.

*B. A. Levy,* for the plaintiff.

Rugg, C. J.  This is an action of contract on ten promissory notes each for $50 made by the defendant to the order of himself and indorsed in blank by himself and by Arthur Koerner and Elizabeth Koerner who are husband and wife.  The plaintiff became holder for value after maturity.  The plaintiff lent $500 to Arthur Koerner at the request of Elizabeth Koerner, at the same time asking for security.  Later Elizabeth Koerner handed to the plaintiff the notes in question.

There was evidence that Mrs. Koerner being the owner, sold an automobile to the defendant; on account of payment therefor he gave the several notes here in suit, each indorsed in blank by himself, to Arthur Koerner, who acted in taking and indorsing the notes solely as agent for his wife.

The defendant offered testimony tending to show that he gave the notes to Arthur Koerner for his accommodation and not in payment for the automobile.  That issue of fact must be held by the verdict to have been settled in favor of the plaintiff.  It becomes unnecessary to consider what the rights of the parties would have been, if the defendant's contention of fact had been established.

The only question of law presented is whether there was error in the refusal of the trial judge to grant this request of the defendant for a ruling: "The indorsement of the notes by Arthur Koerner to his wife, Elizabeth Koerner, and by her indorsed and delivered to the plaintiff was void, and does not enable the plaintiff to sue on the notes in his own name."

A promissory note payable to the order of the maker and by him indorsed in blank becomes in effect payable to bearer even though there are other indorsements in blank.  See R. L. c. 73, § 26, cl. 5.  Subsequent indorsements in blank need not be considered so far as concerns passing title to the paper.  If the indorsement of the husband was merely as agent for the wife, and he never was owner of it, there was no invalidity in the transaction.  If his participation was for the purpose of adding his name as indorser, that also might be done.  *Foster* v. *Leach,* 160 Mass. 418.  *Binney* v. *Globe National Bank,* 150 Mass. 574.  The plaintiff was holder for value of the notes and therefore might sue in his own name any party liable on them.  R. L. c. 73, § 68.  The circumstance that the transfer to the plaintiff was made after maturity does not prevent him from being a holder for value.  He did not trace his title to the

notes through any contract of transfer of ownership between husband and wife. Contracts between husband and wife as parties to negotiable instruments are not valid. *National Bank of the Republic* v. *Delano*, 185 Mass. 424. If the plaintiff's title depended upon such contract, he could not get on in this form of action. *Nelson* v. *Piper*, 213 Mass. 531. The holder of a note may at any time strike out an indorsement not necessary to his title. R. L. c. 73, § 65. If necessary to maintain his action it would be permissible for the plaintiff to strike out the husband's indorsement. But it is not required upon these facts. *Middleborough National Bank* v. *Cole*, 191 Mass. 168.

The refusal to rule as requested was right.

*Judgment for the plaintiff.*