DANIEL J. NAVIN *vs.* PIERCE L. McCARTHY & another.

Suffolk. November 29, 1921. — March 1, 1922.

Present: RUGG, C. J., BRALEY, CROSBY, CARROLL, & JENNEY, JJ.

*Bills and Notes. Husband and Wife.*

A note, signed by a husband and his wife and payable "to the order of ourselves," upon indorsement by them and negotiation for value to one who knows them to be husband and wife, is valid and enforceable against the makers by the indorsee, who is a holder in due course.

CONTRACT upon five promissory notes, each signed by Pierce L. McCarthy and Mollie A. McCarthy and payable "to the order of ourselves," the amount of the notes in the aggregate being $13,000. Writ dated September 17, 1918.

The defendants in their answer among other defences alleged that they were "husband and wife, and were at the date of the signing of the notes in suit; that the said notes being given by them as husband and wife, payable to the order of themselves and by them endorsed, are void and of no effect, and the plaintiff cannot recover thereon."

In the Superior Court the action was tried before *Quinn,* J. Material evidence is described in the opinion. A motion of the defendants that a verdict be ordered in their favor was denied. The jury found for the plaintiff in the sum of $14,167.48; and the defendants alleged exceptions.

The case was submitted on briefs.

*C. F. Eldredge,* for the defendants.

*D. B. Ruggles,* for the plaintiff.

CROSBY, J.   This is an action of contract on five promissory notes made by the defendants, payable to the order of "ourselves" and by them indorsed in blank.   The defendants are husband and wife.   They severally excepted to the refusal of the presiding judge to direct verdicts in their favor and to give certain rulings requested by them.   They contend that they are not liable on the notes in this action because the plaintiff's title depends upon contracts between them as husband and wife.   We are unable to agree with that contention.   The notes in question, being made by the defendants and payable to the order of "ourselves," in effect were payable to their own order.   It is provided by G. L. c. 107, § 207, that "Where a note is drawn to the maker's own order it is not complete until endorsed by him." The notes were signed by the defendants, and as they were in effect payable to their own order they were not complete and valid contracts until indorsed by them, for the obvious reason that they could not as promisees sue themselves as promisors. When, however, they placed their names on the back of the notes they became legal contracts by reason of such indorsements. *Pitcher* v. *Barrows,* 17 Pick. 361, 363.   *Little* v. *Rogers,* 1 Met. 108. In the case last cited, the action was brought against the makers of a promissory note by the plaintiff as indorsee; the note was made by the defendants, payable to their own order and by them indorsed to the plaintiff.   In the opinion it was said by Chief Justice Shaw, at page 109, "that the present plaintiff and the defendants stand in the relation of original contracting parties. The note, being made by the defendants payable to their own order, did not assume the character of a contract until it was indorsed to the plaintiff."   A promissory note payable to the order of the maker and by him indorsed in blank becomes in effect payable to bearer.   G. L. c. 107, § 31, cl. 5.   *Leavitt* v. *Wintman,* 234 Mass. 248, 249.

The notes were discounted by the plaintiff and delivered to him by the defendants.   He was a holder for value and could sue them as makers.   Such indorsements together with the delivery of the notes to the plaintiff by the defendants created a completed

contract; and the parties thereafter stood in the relation of original contracting parties. *Van Schaack* v. *Stafford,* 12 Pick. 565. *Kinsley* v. *Robinson,* 21 Pick. 327. "An instrument in the form of a bill of exchange payable to the order of the drawer does not come into existence as a bill of exchange until it is delivered as well as indorsed by the payee. R. L. c. 73, § 33." *Stouffer* v. *Curtis,* 198 Mass. 560, 562.

The plaintiff's title to the notes does not depend on any contract of transfer of ownership between the defendants as husband and wife. As above stated, the notes made payable to the order of "ourselves," being signed by the defendants as makers and indorsed by them and delivered to the plaintiff for a valuable consideration, became in effect payable to bearer; he, therefore, in contemplation of law stands in the place of a promisee. *Van Schaack* v. *Stafford, supra. Little* v. *Rogers, supra. Leavitt* v. *Wintman, supra.*

The motions could not properly have been allowed; the requests were rightly refused.

*Exceptions overruled.*